MANUEL CONTRERAS ET AL. v. JOHN L. HAYNES.

(Case No. 1659.)

1. PRACTICE — SURPRISE.— The action of the court below in refusing a continuance on the ground of surprise at the contents of an amended pleading will not be revised when no exception to the ruling is saved.

2. SAME.— There was no error in the refusal of a court to permit a defendant to file as a trial amendment an original answer which had been previously abandoned.

3. SAME.— It was not intended by the rules that a trial amendment should be made to include pleadings which were not demanded by the rulings of the

court upon exceptions filed to other pleadings. A trial amendment comes too late after the parties have entered upon the trial; when it is offered after a jury is partially impaneled, it should not be allowed.

4. SAME.— A motion to set aside a judgment on account of surprise must not only show that the party has a meritorious cause of action or defense, but he must set forth under oath, not in general terms, but specifically, the facts from which his meritorious cause of action or defense results. Following Montgomery v. Carlton, 56 Tex., 431.

5. TENANT IN COMMON.— It is not necessary that tenants in common should join in an action to recover land from a trespasser. Either may maintain the action for the recovery of the entire tract.

APPEAL from Starr. Tried below before the Hon. J. C. Russell.

The facts on which the principles announced in the opinion are based are sufficiently manifest from it. It should, however, be stated that the causes for new trial urged on the motion were to the rulings of the court made in the cause, to which rulings no bills of exception had been taken or otherwise excepted to.

The further grounds, that defendants had a meritorious defense, failed to show by proper affidavits the defendants' chain of title, or what the defendants' witnesses would prove, and no affidavits were incorporated in the application or bills of exception taken.

*McCampbell & Givens* and *Welch & Givens*, for appellants, cited: De Witt v. Jones, 17 Tex., 620; Janson v. Bank of Republic, 48 Tex., 599; Davidson v. Gibson, Law Reporter, vol. 1, 450; Rules 32 and 33 of District Court; Chambers v. Fisk, 15 Tex., 335.

*Wells & Rentfro* and *Waul & Walker*, for appellee.

WILLIE, CHIEF JUSTICE.— No bill of exceptions was taken by the defendants below to the action of the court in refusing to grant them a continuance on the ground of surprise upon the coming in of the plaintiff's amended petition, filed October 13, 1883. Hence the ruling of the court upon that subject cannot be revised. Morris v. Files, 40 Tex., 378.

It may be added, however, that, upon filing the affidavit for continuance, the only matter contained in the amended petition which could have operated as a surprise to the defendants was expressly abandoned by the plaintiff, and hence no cause of continuance existed.

The court did not err in refusing to allow the defendants to file as a trial amendment their amended original answer previously abandoned by them.

The rules contemplate that such an amendment may be filed after the court has passed upon the sufficiency of the former pleadings of the party offering the amendment.

After the court has sustained a dilatory plea or a demurrer to a pleading for a defect which may be cured by amendment, the party who filed the objectionable pleading may, upon the eve of the trial, remedy the fault in his pleading by such an amendment without substituting the instrument to which exceptions have been sustained.

But it was not the intention of the rules that a trial amendment should be made to include pleadings which were not demanded by the ruling of the court upon such exceptions. Otherwise all regulations on the subject of substituting the instrument amended might be evaded by means of a trial amendment.

But appellants contend that the answer offered by them as a trial amendment was not such in reality, but an abandoned answer, which they wished to refile, to an amended petition of the appellee put in since such abandonment.

Whether it was one or the other it came too late after the parties had entered upon the trial and were proceeding with it. Our statutes are peremptory that all pleadings must be amended, if at all, before the parties announce themselves ready for trial and not thereafter. R. S., art. 1192. This amendment was offered on the second day of the trial, and after the jury was partly impaneled, and the court correctly refused to allow it to be filed.

The fact that the plaintiff had amended his pleadings between the time when the defendants withdrew theirs and the time of commencing the trial could make no difference as to the right of the defendants to file their proposed pleading. They went to trial after this amended petition had been pleaded without offering to file any answer whatever to it; and as all their former pleading had been withdrawn, they were in a condition to have a judgment *nil dicit* entered up against them which was accordingly done by the court, and there was no error in its action in this respect.

What we have just said, taken in connection with the fact that the motion for a new trial sets up no meritorious defense of which the defendants were deprived by the refusal of the court to allow them to rely upon their abandoned answer, disposes of the fourth assignment of error. Unless there be some mistake in the date given to this answer in the motion for new trial, and in other parts of the record, in which allusion is made to it, this answer itself is not contained in the transcript. It is alluded to as an answer filed on the 13th of January, 1881, and no such answer is in the record. But

if it were, the motion should not have prevailed, for no facts are set out in it from which we can tell whether the defendants had a good title to the land in controversy or a just defense against the action brought by plaintiff.

They allege that they claim by joint heirship with the parties through whom plaintiff derives his title, and by possession for three, five, ten and thirty years. What facts constitute them heirs are not set forth, nor do they allege in their motion the circumstances which, in connection with possession, could make their plea of limitation available.

It has always been held necessary, when it is sought to set aside a judgment for surprise, in cases similar to the present, a meritorious cause of action or defense must be shown in the party making the application. It is not sufficient to state generally that the applicant's case is a meritorious one, but he must set forth, under oath, not in general terms, but specifically, the facts upon which he claims such merits. Montgomery v. Carlton, 56 Tex., 431. This has not been done in the present case, and the motion for new trial was correctly overruled.

What we have already said is enough to dispose of the fifth assignment of error, and show that it was not well taken.

In answer to the sixth and seventh assignments, it is sufficient to say that it is now well settled, by the decisions of this court, that one tenant in common may sue to recover the entire estate, as against a wrong-doer, without joining his co-tenant. Sowers v. Peterson, 59 Tex., 216; Pilcher v. Kirk, 2 Tex. Law Rep., 503.

AFFIRMED.

[Opinion delivered February 8, 1884.]