ED. SHARP ET AL. v. SCHMIDT & ZEIGLER.

(Case No. 1710.)

1. INJUNCTION — PLEADING. — Though judgment may have been rendered in a proceeding wherein the writ, or service of process on the party, may have been illegal, equity will not interfere to set the judgment aside, unless it is made to appear that the result would be different on another trial from that already reached by the judgment. Citing Schleicher v. Markward, 61 Tex., 103. To make this appear, when the remedy is sought by injunction, the petition should state facts which would constitute a good defense to the original action. The facts must be stated, and not the conclusions of the pleader, and when conclusions alone are given, though sworn to in the application for injunction, the writ should not issue.

2. SURETIES ON INJUNCTION BOND — PLEADING — NOTICE. — The sureties on an injunction bond are bound to take notice of an original answer, made in reply and in reconvention to a pleading filed by their principal in instituting the suit, and they are charged with knowledge of all future legitimate amendments to such answer, properly filed in court.

3. SAME. — The fact that the amended answer may have prayed for service on the surety, which was not made, does not affect the rule as above stated.

4. ASSIGNMENT OF ERROR. — The assignment of error to the admission of evidence must rest upon the very objection taken to it in the court below.

5. EVIDENCE — PRACTICE. — The supreme court will not reverse a judgment rendered in a cause tried without the intervention of a jury on account of illegal evidence, when there was other and competent evidence to the same fact.

ERROR from Anderson. Tried below before the Hon. James J. Perkins.

This was a proceeding by Sharp, by injunction, to restrain the sheriff of Bosque county from selling certain sheep and land, under a judgment rendered in 1879 in favor of defendants in error, and against J. A. Robinson, Ed. Sharp *et al.* The ground for injunction was that in the suit of defendants in error against Julius A. Robinson, Ed. Sharp and others, Ed. Sharp was never cited or notified in any way to answer; that he never appeared or authorized any one to appear for him, and had no knowledge of the pendency of the suit in which judgment had been rendered and execution issued against him. Sharp filed a supplemental petition, in which he repeated in substance the averments in his original petition, and added that he had a good defense to the former suit, without stating in what that defense consisted. J. A. Solomon and R. Lessing signed the injunction bond of Sharp as his sureties. The defendants in error filed their answer and cross-bill against Sharp and the sureties on his injunction bond, praying for judgment in reconvention for damages to the amount of their judgment enjoined, and ten per

cent. damages for delay. The defendants in error filed their first supplemental answer, in which they denied under oath that Ed. Sharp had any equities in his petition, etc. The defendants filed their written motion to dissolve the injunction, and the injunction was dissolv ed on condition that defendants in error would execute a refunding bond, and their exceptions to Sharp's supplemental petition were also sustained. The plaintiff Sharp declined to amend, and the cause was continued at the instance of defendants in error to be heard on their cross-bill and plea in reconvention. In vacation defendants in error filed an amended answer, cross-bill and plea in reconvention, and prayed that Sharp and his sureties might be duly served with copies of same. No leave had been obtained for the filing of the amended answer, hence, perhaps, the request of service. On the issues tendered in the last answer, and the answer of Sharp and Lessing thereto, the case was tried, when the exceptions of Sharp and Lessing to the answer were overruled, and the judge without a jury found: 1st. That Ed. Sharp was not entitled to recover. 2d. That all the defendants in the suit, the judgment in which was enjoined, were now insolvent, and that said Sharp became insolvent since the injunction was sued out. 3d. That the injunction was sued out by plaintiff Sharp in part for delay, but not for delay only, and therefore no damages were awarded. 4th. That plaintiff Sharp and the sureties on his injunction bond, Solomon and Lessing, have combined and colluded and acted together to hinder, delay and defeat Schmidt & Zeigler in the collection of their judgment, debt and costs against Ed. Sharp and others, and had succeeded. 5th. That by the suing out the injunction Schmidt & Zeigler had been damaged in the full sum of their judgment enjoined, remaining unpaid, and costs, as follows: principal and interest of the judgment amounting to $2,211, for which sum judgment was rendered.

*R. A. Reeves* and *Anderson, Flint & Anderson,* for plaintiff in error.

*T. B. Greenwood,* for defendant in error.

WILLIE, CHIEF JUSTICE.— The injunction in this case was dissolved upon two grounds: 1. Because the petition did not state the character of the defense which the plaintiff in injunction alleged he could establish against the judgment enjoined; and 2. Because all the material allegations of the petition had been denied in the answer.

If either of these grounds is shown by the record to have existed, the injunction was properly dissolved.

It is fully established by our own decisions, "that notwithstanding an illegal writ or service of process, a court of equity will not interfere to set aside a judgment until it appears that the result will be different from that already reached." Schleicher v. Markward, 61 Tex., 103; Kitchen v. Crawford, 13 Tex., 516. To make this appear the petition should aver matters which amount to a good defense to the original action. The nature of the defense must be given, so that the court for itself may determine the conclusion of law as to whether or not it is a good defense, and would produce a different result if proved upon another trial. The plaintiff's oath to such a conclusion is not sufficient.

A defense, too, might in some sense be good, i. e., sufficient to defeat the action, and yet not of that class of defenses to let in which a judgment will be set aside. It has always been the rule that when a judgment is sought to be reopened for any cause, in order to permit a defense to be made, which the defendant was prevented from proving upon the trial in which the judgment was obtained, the nature of the defense must be shown to the court. Foster v. Martin, 20 Tex., 118; Contreras v. Haynes, 61 Tex., 103; Johnson v. Templeton, 60 Tex., 238. The case of a judgment rendered upon defective or illegal service of process is no exception to the general rule.

The petition in this case merely stated that the plaintiff had a good defense to the action in which the judgment was obtained. The court having sustained a special demurrer on the ground that the character of defense was not alleged, and the plaintiff, upon leave for that purpose given, having declined to amend, the court properly dissolved the injunction and directed execution to issue upon the judgment temporarily enjoined.

It was not necessary to serve Solomon with notice of the amended original answer filed May 15, 1884. The sureties upon the injunction bond were practically parties to the suit, and liable to have any judgment rendered against them which was authorized by the pleadings and proof, at least to the extent of their bond. The extent of their liability upon a mere dissolution of the injunction was ten per cent. upon the amount released by the dissolution as damages for delay. R. S., art. 2894. But by appropriate pleading in reconvention on the part of the defendants, and proof of the necessary facts, judgment might be given against them to the limit of their liability upon their bond. Tex. & N. O. R'y Co. v. White, 57 Tex., 135.

The defendants, in their original answer, claimed a judgment against both principal and sureties for a greater amount than the ten per cent. damages allowed for delay, and attempted to set up facts which would entitle them to such a judgment. But the case made was an imperfect one, and the amendment of May 15, 1884, was intended to supply its defects and add facts which had occurred since the original amendment had been filed. The sureties were bound to take notice of the original answer, which was in reply and reconvention to a pleading they themselves had aided in bringing into court, and to which they were parties, and, of course, were charged with knowledge of all future legitimate amendments to such answer, properly filed in court. The fact that the amended answer of April, 1884, asked for service upon the defendants can make no difference. This amendment was irregularly filed, and was wholly superseded by that of May 15, 1884, which came in by leave of the court in term time. We think, therefore, that Solomon was as much bound to take notice of this amendment, without service of process, as was his co-surety, who had been duly summoned to answer the pleading filed in April during vacation.

We do not see by the record that any objections were taken below to the admission of Jenkins' and Whitworth's testimony for want of service of the interrogatories upon Solomon. It shows that Solomon was not served, but, if he did not object, the court had no authority to exclude the depositions of its own motion.

The objection raised below to Gooch's evidence, as well as to a portion of Quarles', was, that it tended to disprove matters set up in the supplemental petition to which the court had sustained exceptions. But it was also pertinent to the question of whether or not the injunction was sued out for delay, and as such was admissible. If some of Gooch's and Quarles' evidence was of a hearsay character, or of declarations made by Sharp not binding upon his sureties,— which questions herein it is unnecessary for us to pass upon,— no objection seems to have been made to the evidence on these grounds. We cannot take notice of objections made for the first time in this court. The assignment of error to the admission of evidence must rest upon the very objections taken to it in the court below. It may be added that so far as Quarles' evidence relating to Sharp's admission as to the value of the sheep is concerned, if it had been objected to upon grounds sufficient to exclude it, its admission by the court would not have been error for which the judgment would have been reversed. There was other evidence showing that the sheep were worth the original judgment and interest, and

this court will not reverse for the admission of illegal testimony to a fact, when the case is tried by the judge alone, where there is other sufficient testimony to establish such fact.

The copies of deeds admitted in evidence were objected to because inadmissible under the cross-bill, and because Lessing was not a party to them and not connected with them by the evidence. These are not the objections taken to them here, but it is assigned as error that they should not have been admitted because Solomon had no notice that they would be offered in evidence. In the reasons already given it is clear that this objection, interposed for the first time in this court, cannot prevail.

The court correctly gave judgment for the amount enjoined, together with interest and costs. It having been abundantly proved that the sheep were worth enough at the time of the levy to pay the principal, interest and costs of the original judgment, this was the amount in which Schmidt & Zeigler were damaged by the acts of Sharp and his sureties in depriving them of the benefit of the levy.

This disposes of all such assignments of error as are of sufficient importance to claim our attention. There is no error in the judgment, and it is affirmed.

AFFIRMED.

[Opinion delivered October 21, 1884.]