### KATE L. GILBERT v. S. T. COOPER ET AL.

#### Decided May 30, 1906.

**Suit to Set Aside a Judgment of Former Term—Necessary Averments.**

A party seeking to reopen a case at a subsequent term must show that he was prevented from making a valid defense by fraud, accident, or the act of the opposing party, unmixed with fault or negligence on his part. Public policy demands that, in the absence of fraud on the part of his counsel, the party should be as fully concluded by the act of his attorney as if he were acting for himself, and the same doctrine applies to negligence or mistake of counsel.

Appeal from the District Court of Bandera. Tried below before Hon. R. H. Burney.

*W. D. Love,* for appellant.—Fraud is a sufficient ground for annulling the most sacred contracts, and is also a sufficient ground for setting aside judgment most solemnly rendered.

On general demurrer plaintiff's allegations are taken as true, and when the allegations charge that by reason of fraud plaintiff has been deprived of property rights, it is error to sustain a general demurrer. Kellum v.

Smith, 18 Texas, 850; Johnston v. Loop, 2 Texas, 335; Norwood v. Cobb, 15 Texas, 505; Buchannan v. Bilger, 64 Texas, 593.

*I. L. Martin,* for appellees.—That the general demurrer was properly sustained, cited: Johnson v. Templeton, 60 Texas, 238; Merrill v. Roberts, 78 Texas, 28; Montgomery v. Carlton, 56 Texas, 434; Contreras v. Haynes, 61 Texas, 103; Union Life Insurance Co. v. Lipscomb, 27 S. W. Rep., 307; Dempsey v. Taylor, 4 Texas Civ. App., 130; Holliday v. Holliday, 72 Texas, 585; Watts v. Bruce, 72 S. W. Rep., 258.

FLY, Associate Justice.—This is an action instituted by appellant to set aside a judgment decreeing certain lands to appellees. The judgment was rendered in favor of appellees, and against appellant on September 6, 1904, and this suit was instituted on August 18, 1905. It was alleged that appellees instituted suit against appellant on February 9, 1904, in the District Court of Bandera County, for 640 acres of land and that judgment was rendered that the appellees should recover on their pleas of limitation as set forth in their petition. That judgment was agreed to by appellant's attorney. The circumstances under which it was rendered are thus alleged: "That this plaintiff secured the services of an attorney, viz.: W. D. Love, Esq., to defend said suit, and defend her interests in said lands. That at the September, 1904, term of this court said attorney, W. D. Love, was present, and prepared to defend this plaintiff's title to the land sued for. That said attorney questioned a number of persons then living in the vicinity of said lands, and who said attorney had reason to believe, and did believe, were cognizant of the facts, as to whether or not said land was in the actual possession, by being enclosed with a fence, by the plaintiffs in said suit. That among said persons so questioned were John Bargeley, W. B. Burdett and J. W. Dulaney, one of the plaintiffs in said suit. That all of the persons questioned by plaintiff's said attorney stated that the land was then enclosed with a fence, and had been so enclosed by said Cooper, and Dulaney, and their vendors for a period of more than ten years. Said attorney then asked said J. W. Dulaney, if what he had stated with reference to said land being fenced, and having been so fenced for ten years, next preceding the filing of their said petition, would be sworn to by him on the trial of the case, and said Dulaney stated to said attorney, W. D. Love, in response to said inquiry, that such would be his testimony on the stand.

"That said attorney was ignorant of the facts, with reference to whether or not said land was fenced, and had been fenced and was compelled to rely on the testimony of other parties with reference to such facts. And having confidence in the integrity and veracity of said John Bargeley, W. B. Burdett and J. W. Dulaney, he did rely on their said statements, and did believe that said land was enclosed with a fence, and had been so enclosed for more than ten years next preceding the filing of said petition. That said attorney, relying upon said statements, and believing that said land had been enclosed by a fence and thus in the possession of said S. T. Cooper, and said J. W. Dulaney and their vendors for more than ten years, said possession being adverse to this plaintiff, by reason of its being so fenced; that the said S. T. Cooper, and

J. W. Dulaney in their petition, plead both the five years, and ten years statute of limitation, and plaintiff's said attorney, relying upon said statements and believing that said land had been enclosed by a fence, and thus in the possession of said Cooper and Dulaney, and their vendor's for more than ten years, said possession being adverse to this plaintiff by reason of its being so fenced, said attorney W. D. Love, agreed that plaintiffs in said suit should have judgment for the lands claimed by them, said judgment to recite that it was recovered on their plea of limitation. And in pursuance of said agreement between said attorney W. D. Love, acting for and in behalf of this plaintiff, and said S. T. Cooper and J. W. Dulaney, and their attorney, George Powell, Esq., the following judgment was taken in said cause, and duly entered, without evidence and without a trial.   .   .   .

"Plaintiff further shows to the court that said statements made by said John Bargeley, W. B. Burdett and J. W. Dulaney, with reference to said lands being fenced, and having been enclosed with a fence for more than ten years, was and were untrue, were false, and were fraudulent upon plaintiff's rights to said land. That had it not been for such false and fraudulent statements, whereby plaintiff's said attorney was deceived and misled, that he would have contested the claims of said Cooper and Dulaney to said lands. Plaintiff further avers that said land was not enclosed with a fence at the date of the filing of said Cooper and Dulaneys' petition, was not enclosed at the date said judgment was taken, and had not been so enclosed by them and their vendors for the ten years preceding the filing of their said petition, and was not in their adverse possession so as to entitle them to a judgment for said land on their plea of limitation, either of the ten years plea, or the five years plea. That plaintiff and defendant claim under different grants, and that the grant under which plaintiff claims is prior in point of time to that under which defendants claim.

"That this plaintiff's title to said land is superior to the title of the S. T. Cooper and J. W. Dulaney, or either of them and that on a trial in trespass to try title, to same, this plaintiff is prepared to show to the court that her legal title to said land is superior to the title of said S. T. Cooper and J. W. Dulaney, or either of them."

The court sustained a general demurrer to the petition, and appellant declining to amend, the cause of action was dismissed.

In the judgment originally rendered in the cause it is recited that evidence was heard and it was adjudged that the plaintiffs "should recover upon their pleas of limitation." There is no allegation in the petition that there was any fraud in connection with any limitation except that of ten years. The land might not have been enclosed and still title have been perfected by five years limitation.

It will be presumed that all facts necessary to sustain the judgment were proved in the original cause and in order to obtain a basis for reopening the case, the party seeking it must show that he was prevented from making a valid defense by fraud, accident or the act of the opposing party, unmixed with fault or negligence on his part. (Vardeman v. Edwards, 21 Texas, 737; Plummer v. Power, 29 Texas, 7; Johnson v. Templeton, 60 Texas, 238; Merrill v. Roberts, 78 Texas, 28; Harn v. Phelps, 65 Texas, 592; McGloin v. McGloin, 70 Texas, 634; Brown-

son v. Reynolds, 77 Texas, 254; Weaver v. Vandervanter, 84 Texas, 691; Smith v. Patrick (Texas Civ. App.), 43 S. W. Rep., 535.)

In all the cases cited it is distinctly stated that not only must fraud, or accident be clearly averred and proved, but it must be shown in addition that there was no negligence on the part of the complaining party. As said in the case of Brownson v. Reynolds, before cited: "It is a rigid rule that courts of equity will not grant a party to a judgment a new trial when the failure to have a full and fair presentment of his case has resulted from the negligence or mistakes of his counsel. Public policy demands that in the absence of fraud on the part of his counsel the party should be as fully concluded by the act of his attorney as if he were acting for himself."

According to the allegations the attorney of appellant questioned a number of persons about the possession of the land by appellees and that all of them stated that the land had been enclosed by a fence by appellees and their vendees for more than ten years. The only parties named, as making that representation, were John Bargeley, W. B. Burdett and one of the appellees, and it was stated that it was their representation that caused appellant's attorney to agree to a judgment against his client. Outside of questioning persons about the land, no effort was made by the attorney to ascertain the truth of their representations. Where such vital interests of the client were at stake, either the attorney should have gone to the land and ascertained the facts, or he should have sent some reliable person to ascertain them. He should not have gone into the camp of the enemy to seek for the truth about the attacks being made upon the title of his clients, and should not have let her rights rest upon the unsworn statements of the neighbors of her adversary. If, as alleged, the land was not fenced when the presentations were made, that fact could have been easily ascertained, and appellant, having an opportunity to make that examination, she is charged with the knowledge that would have been obtained by such examination.

It is not stated how long the court lasted after the judgment and no statement made that would go to show that appellant did not ascertain the facts during the term of the court at which the judgment was rendered. Nor is there any effort to show that any diligence whatever was exercised to detect the fraud. It does not appear from the petition when the falsity of the representations was ascertained.

Relief will not be granted in cases of this character, unless it clearly appears that the party seeking it has a good defense to the action, which he has been prevented from making by fraud, accident or the acts of the other party. He must not only show to the court that he has not obtained justice and equity, but he must also make it manifest that a different result will be attained on another trial.

The representations made to the attorney of appellant were nothing more than what was alleged in the petition in regard to limitations and he knew that was the title depended on by them and he ought to have inquired into and acquainted himself with such in order to represent his client. (Watts v. Bruce (Texas Civ. App.), 72 S. W. Rep., 258.)

We think the petition was also subject to general demurrer because it did not set out the chain of title relied upon by appellant. There was nothing alleged but that "the grant under which plaintiff claims is prior

in point of time to that under which defendant claims," and "that plaintiff's title to said land is superior to the title of S. T. Cooper and J. W. Dulaney, or either of them, and that on a trial in trespass to try title to same, this plaintiff is prepared to show to the court her legal title to said land is superior to the title of said S. T. Cooper and J. W. Dulaney, or either of them." The allegations were merely conclusions or opinions of the pleader, and did not set forth any facts by which the meritorious character of the title could be judged. (Montgomery v. Carlton, 56 Texas, 431; Contreras v. Haynes, 61 Texas, 103; Sharp v. Schmidt, 62 Texas, 263; Holliday v. Holliday, 72 Texas, 581; Dempsey v. Taylor, 4 Texas Civ. App., 130.) The petition was not verified by affidavit. As said in Holliday v. Holliday: "Enough should be stated, supported by affidavit, to show at least a *prima facie* case."

The judgment is affirmed.

*Affirmed.*