**BROWN et al. v. CLIPPINGER. (No. 787.)**

(Court of Civil Appeals of Texas. Beaumont.
April 12, 1922. Rehearing Denied
May 3, 1922.)

**1. Judgment ⬤460(6)—Cross-action to cancel judgment for want of service must allege meritorious defense.**

A cross-action by defendant to cancel a judgment relied on by plaintiff, on the ground that defendant was not served with process in such action, is insufficient, where it does not allege that defendant had a meritorious defense to the action in which the former judgment was rendered.

**2. Pleading ⬤228 — Cross-action, alleging judgment was obtained by fraud, but not stating facts, is subject to exception.**

A cross-action by defendant, alleging that the judgment relied on by plaintiff was obtained by fraud, but not alleging any facts upon which the charge or fraud was based, is subject to special exception.

**3. Appeal and error ⬤691—Bill of exceptions to refusal to strike testimony held not to show error in absence of statement of facts.**

A bill of exceptions, complaining of refusal to strike certain evidence therein recited, tending to show that a power of attorney given the witness was signed by all the heirs of a former owner of the land, does not show error, where there was no statement of facts from which the materiality of the testimony could be determined, and no showing that the evidence stated in the bill was the only evidence upon that issue, or even was all the evidence given by that witness.

**4. Appeal and error ⬤548(2)—Sufficiency of evidence to support judgment cannot be reviewed, in absence of statement of facts.**

Assignment, charging that there was not sufficient evidence to show that plaintiff had title from the heirs of a former owner of land, must be overruled, where there was no statement of facts, so that the Court of Appeals could not ascertain what evidence was introduced on that issue.

Appeal from District Court, Hardin County; J. L. Manry, Judge.

Action by Sallie Clippinger against D. W. Brown and others. Judgment for plaintiff, and defendants appeal. Affirmed.

B. L. Aycock and A. M. Hill, both of Kountze, for appellants.

Jno. M. Conly, of Beaumont, for appellee.

HIGHTOWER, C. J. The appellee, Sallie Clippinger, filed this suit in the district court

of Hardin County in the form of trespass to try title against the appellants and a number of other defendants to recover from them the title and possession of 200 acres of land, a part of the Enoch Grigsby one-third league survey in Hardin county. Some of the defendants failed to answer at all, and some who did answer disclaimed, and such defendants have not, of course, made any complaint of the disposition made of the cause in the trial court.

The appellants here, R. A. Brown and his wife and J. B. Warden and his wife, answered below by general demurrer, general denial, and plea of not guilty, and in addition interposed a plea of limitation of the statute of 10 years as to 160 acres of the land sued for by appellee so as to include their improvements, etc. R. A. Brown also filed a cross-action, in which he alleged, substantially, that in October, 1910, the appellee, Sallie Clippinger, recovered a judgment in the district court of Hardin county against himself and a number of other defendants in that suit, for the specific land which is now in controversy between the parties in this suit; and he alleged that, according to the recitations of such judgment, the court, in rendering the same, appeared to have full and complete jurisdiction to do so, but that as matter of fact, notwithstanding he was a party defendant in such suit, no citation was ever served upon him in that suit, and that he did not appear, either in person or by an attorney, and that, in fact, no attorney was authorized to appear for him in that suit, and that for these reasons the court never acquired jurisdiction to render judgment against him as it did in said cause, and that such judgment was therefore absolutely null and void. He further alleged that he never at any time learned that such judgment had been rendered against him in favor of appellee until after this suit was filed in 1919, and that he was then advised by his attorney in this suit of the existence of such judgment. Brown further alleged in his cross-action in this suit that the judgment obtained against him in 1910 was obtained by fraud, but no facts were stated showing any fraud perpetrated by anybody, but the mere general conclusion that the judgment was obtained by fraud was advanced. Brown prayed that the former judgment be canceled and set aside, for the reason that the court had no jurisdiction to render the same, and for general relief, etc., as against such judgment. He nowhere in his cross-action stated any facts showing that he had a meritorious defense that could have been interposed by him in the first suit.

To this cross-action, appellee filed a general demurrer and a special exception. The general demurrer attacked the cross-action on the ground that the same stated no facts showing that Brown had any meritorious de-

fense to the first suit, and the special exception attacked the cross-action as to the plea of fraud on the ground that no fact was stated in the cross-action showing any fraud or by whom the same was perpetrated, and that the charge of fraud was therefore insufficient, etc. Both the general demurrer and special exception were by the trial court sustained, and Brown excepted to the ruling, and having refused to further amend, the trial court dismissed his cross-action, which action on the part of the court is made the basis of one of the assignments of error here.

[1, 2] After careful consideration, we have concluded that the trial court was not in error in sustaining both the general demurrer and the special exception. As we have said above, there was no showing by allegations of fact in this cross-action that Brown had any meritorious defense whatever to the appellee's cause of action in the first suit, and in the absence of such allegations of fact in the cross-action in this suit he was not entitled to attack and set aside the judgment in the first suit, even if it be true that he was not served with citation and did not appear or answer in that suit.

In Sharp v. Schmidt, 62 Tex. 263, our Supreme Court, speaking through Chief Justice Willie, relative to the exact point here made, among other things said:

"It is fully established by our own decisions, 'that notwithstanding an illegal writ or service of process, a court of equity will not interfere to set aside a judgment until it appears that the result will be different from that already reached.' Schleicher v. Markward, 61 Tex. 103; Kitchen v. Crawford, 13 Tex. 516. To make this appear the petition should aver matters which amount to a good defense to the original action. The nature of the defense must be given, so that the court for itself may determine the conclusion of law as to whether or not it is a good defense, and would produce a different result if proved upon another trial. The plaintiff's oath to such a conclusion is not sufficient."

Sharp v. Schmidt, supra, was cited with approval by Judge Williams in August Kern Barber Sup. Co. v. Freeze, 96 Tex. 516, 74 S. W. 303. It was also cited and adhered to in Chambers v. Gallup, 30 Tex. Civ. App. 424, 70 S. W. 1010.

This disposes of all contentions made by appellant Brown with reference to his cross-action, and the assignment is overruled.

[3] The case is before us without any statement of facts in the record. Neither have we any findings of fact by the trial court, and we are therefore unable to tell what the trial court based his action upon in rendering judgment for the appellee for the 200 acres of land in controversy. There is a bill of exception, however, by which complaint is made by the appellants that the trial court committed reversible error against them in refusing to strike out certain evi-

dence of the witness J. T. Beatty. The testimony objected to was as follows:

"I am 66 years old, lived in Jasper county all my life. I did not know Enoch Grigsby. I may have seen him; I was about 5 years old when he died. The Grigsby family lived in Jasper county about eight miles east of the town of Jasper, Tex. I lived about a mile and a half east of the town of Jasper. I knew Priscilla Grigsby, wife of Enoch Grigsby. She died in the fall of 1860, I knew all her children when she died. I was a frequent visitor with the family at her house, I knew them to be the parties who made me the power of attorney to sell this land. Priscilla Grigsby, who married Truitt, and Enoch Grigsby, who joined in the power of attorney, were twins, born after their father's death. Priscilla Grigsby died about 60 years ago. Enoch Grigsby and she were buried at Grigsby's Bluff, Jefferson county, Tex., where they had lived. Enoch Grigsby died in 1850, when I was about 4 years old. Do not know when or where they were married. I think the records of Jasper show that they were married in Jasper county. He died about 2 years before his wife, maybe 3. I do not know where Enoch Grigsby came from to Texas. Priscilla Grigsby I think died at birth of the twins. I am a member of the bar, admitted in 1886. R. M. Blount, husband of one of the girls, died in 1898. Priscilla Grigsby, one of the twins, married Truitt. She was about 3 years older than her husband. The twins were born after their father's death. I knew all of the children, and they all joined in the power of attorney.

"At the conclusion of the witness' testimony defendant moved to strike out the said testimony because incompetent and insufficient to establish the heirship of the parties to Enoch Grigsby, the grantee. Which motion the court after due consideration overruled, to which ruling defendants Brown and Warden in open court excepted, and prayed the court to allow this bill and order it filed in the cause which is accordingly done with the time allowed by the court."

We would infer from some of the recitations in this bill that one of the links in appellee's chain of title to the land in controversy was a deed from the Grigsby heirs, acting by and through the witness J. T. Beatty, as attorney in fact for them, but this would be only an inference in the absence of a statement of facts, and it is impossible for this court to say what title or how many titles the appellee relied upon and established in the trial court. Neither could we say that the testimony of the witness Beatty was incompetent to prove the facts testified to by him, as shown by the bill. So far as this court could know, from anything to the contrary in the bill itself, there might have been much more evidence given by the witness Beatty alone touching his knowledge of the facts testified to by him or the source of his information, whatever the same might have been. Certainly the record is not in a shape where this court could say from this bill

that reversible error was shown by the trial court in refusing to strike out the evidence of said Beatty, and the assignment relating to the court's action in that connection is also overruled.

[4] By the next assignment, it is complained, substantially, that there was not sufficient evidence adduced upon the trial below to warrant the judgment of the trial court, for the reason that the evidence was insufficient to show that appellee had title from the true heirs of Enoch Grigsby. As to this, we repeat that without the statement of facts this court is unable to say what evidence was introduced by the appellee in support of her title to the land awarded her by the judgment in this case, and the assignment is overruled.

This disposes, in effect, of all assignments, which are overruled, and the judgment of the trial court is affirmed.