### R. A. BROWN ET AL v. SALLIE CLIPPINGER.

No. 3834.    Decided November 21, 1923.

(256 S. W., 254.)

**1.—Judgment—Action to Set Aside—Pleading—Showing Defense.**

In an action to cancel a judgment which recited facts showing jurisdiction and hence could not be collaterally attacked, the complainant, though showing that no service upon him was in fact made, must also allege that he had a meritorious defense to the action. (Pp. 366, 367).

**2.—Same.**

In a proceeding to vacate a judgment because there was no service of citation, the plaintiff in judgment, a necessary party defendant, could recover on his original cause of action. The plaintiff seeking to set aside the judgment must therefore show himself entitled to defeat such recovery, since courts of equity do not sit to remedy injuries wholly technical and insubstantial, and it would be a vain proceeding to set aside the judgment only in order to again render the same judgment. (Pp. 366, 367).

**3.—Cases Discussed.**

Kern Barber Supply Co. v. Freeze, 96 Texas, 516; Levy v. Roper, 113, Texas, 356; Witt v. Kauffman, 25 Texas Supp., 386; House v. Collins, 42 Texas, 493; Hamblin v. Knight, 81 Texas, 355; Sharp v. Schmidt & Zeigler, 62 Texas, 265; Owens v. Cage & Crow, 101 Texas, 289; cited and discussed. (Pp. 366, 367).

Error to the Court of Civil Appeals for the Ninth District, in an appeal from Hardin County.

Clippinger brought suit for the recovery of land against Brown and others. Defendants, by cross action, sought to vacate a judgment under which plaintiff deraigned title. The cross action was dismissed on demurrer sustained, and plaintiff recovered judgment from which defendants appealed. On affirmance by the appellate court (240 S. W., 979) defendants, appellants, obtained writ of error.

*A. M. Hill* and *B. L. Aycock,* for plaintiffs in error.

A judgment rendered against a party sued, without any service of citation, or acceptance of service, or authority to any attorney, or firm of attorneys, to answer in such case, and without his knowledge is voidable as between the same parties, and for same allegations and for the same subject matter. Vernon's St., Art. 1885; Owens v. Crow, 101 Texas, 288; Overby v. Johnson, 94 S. W., 131; Simpkins, Eq. Pl., 715, title Cancellation of judgments; Parker v. Spencer, 61 Texas, 161; Hoffman v. Cage, 31 Texas, 595; Latham Co. v. Radford Groc. Co., 117 S.W., 909; Oden & Co. v. Vaughan Groc. Co., 77 S. W., 867; Graham v. East Tex. Ld. & Imp. Co., 50 S. W., 579; Bender v. Damon, 72 Texas, 94; Wilson v. Sparkman, 17 Fla., 871; Dobbins v. McNamara, 113 Ind., 54; Magin v. Lamb, 43 Minn., 80; White v. Espey, 21 Ore., 328; Cooper v. Newell, 173 U. S. 556.

In such case it is not required that complainant make any showing as to the merits. Fox v. Robbins, 62 S. W., 822.

*J. M. Conley,* for defendant in error.

To set aside a judgment as is attempted to be done in this cause, even on a direct attack, is necessary for the pleadings to allege, among other grounds therefor, that the defendants had a meritorious defense, stating the facts constituting such defense to said judgment. Owens v. Cage & Crow, 106 S. W., 880; Sharp v. Smith, 62 Texas, 263; Dowell v. Winters, 20 Texas, 797; Foster v. Martin, 20 Texas, 122; Cook v. Steel, 42 Texas, 56; Lumber Company v. Railroad Co., 180 S. W., 644; Cochrane v. Middleton, 13 Texas, 275; Randall v. Collins, 58 Texas, 233.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

Defendant in error brought an action of trespass to try the title to 200 acres of land in Hardin County against plaintiff in error R. A. Brown and others.

Plaintiff in error R. A. Brown, among other pleadings, filed a cross-action, averring that defendant in error deraigned title through a judgment for the 200 acres of land in her favor against him, which was rendered in 1910 by the District Court of Hardin County; that said judgment recited facts which gave the court jurisdiction to render the judgment, but that in fact no citation was served on him in the cause wherein the judgment was rendered, and that he did not appear therein nor authorize any one to appear in his behalf, and that he had no knowledge of the judgment until advised thereof by his attorney subsequent to the institution of this suit. Plaintiff

in error R. A. Brown prayed that the former judgment be set aside as void for the want of jurisdiction in the court to render it, and for general relief, etc. No attempt was made to allege a defence by Brown to the former suit. The District Court sustained a demurrer to the cross-action, seeking to vacate the former judgment for defendant in error, because of Brown's failure to aver a meritorious defence to the first suit, and, on his refusal to cure the defect, dismissed the cross-action. The trial in the District Court resulted in a judgment for defendant in error, which was affirmed on appeal. 240 S. W., 979.

The writ of error was granted because of the doubt expressed in Kern Barber Supply Co., v. Freeze, 96 Texas, 516, 74 S. W., 303, whether the rule that a party seeking equitable relief to prevent the enforcement of a judgment against him, not void on its face, must show a meritorious defence to the cause of action on which the judgment was based, was properly applied to actions to set aside apparently valid judgments for want of jurisdiction of the person.

The judgment which Brown sought to vacate recited facts which sustained the court's jurisdiction. It could not therefore be collaterally attacked with success in the courts of this state. Levy v. Roper, 113 Texas, 356, 256 S. W., 251. If it was the correct judgment on the merits, a direct proceeding to vacate it would not have had a different result. For, the party recovering a judgment must be made a party to a proceeding for its vacation, with the right to enforce any subsisting obligation of the complainant on which the judgment was predicated. If the complainant was truly bound to render to the plaintiff in the judgment all that the judgment required, his direct action must end with another adjudication against him having precisely the effect of that sought to be annulled. Courts of equity do not sit to remedy injuries wholly technical and insubstantial.

In the early decision of Witt v. Kaufman, 25 Texas Supp., 386, in a proceeding to enjoin the execution of a judgment of a justice of the peace, which was declared void as against one over whose person the court had not acquired jurisdiction, it was said: "But the court having obtained cognizance of the case for one purpose, would retain it for the further purpose of doing full and complete justice between the parties, and would give judgment for the plaintiff upon the cause of action on which the judgment of the justice was rendered, if, upon the merits, the plaintiff was entitled to judgment. Such is the practice as settled by the decisions of this court."

The rule is shown to be founded on common sense and reason by the opinion of Chief Justice Roberts in House v. Collins, 42 Texas, 493, stating that it would be useless for a court of equity to set aside one judgment when the principles of equity would require another adjudication of like import.

In the case of Piggett v. Addicks, 3 Iowa, 429, 56 Am. Dec., 547, it is said: "The door of equity is only open to such as have been or may be injured, and before chancery will take jurisdiction, the injury sustained or apprehended should be clearly set forth in the petition."

Speaking of injunctive relief to which one is entitled from a judgment without notice, in Hamblin v. Knight, 81 Texas, 355, 26 Am. St., 818, 16 S. W., 1082, the court said: "In every case where such relief is sought by injunction it should be done without delay, or if from any cause delay exists it should be accounted for and excused, *in addition to which it must be shown that the party has a meritorious defense to the action.*" Sharp v. Schmidt & Zeigler, 62 Texas, 265, and Owens v. Cage & Crow, 101 Texas, 289, 106 S. W., 880, are to the same effect.

While disposed to question the correctness of this doctrine, Mr. Pomeroy recognizes that the prevailing view is that a good defence on the merits must be shown to warrant relief against a judgment, not void on its face, where there is a want of jurisdiction arising from lack of service of citation. 5 Pomeroy's Equity Jurisprudence, sec. 2088, p. 4703, where the authorities are collated.

The trial court and the Court of Civil Appeals were correct in holding that the averments of Brown's cross-action failed to show that he was entitled to vacate the judgment which he attacked. Finding no error in the judgments of the District Court and of the Court of Civil Appeals, they are affirmed.

*Affirmed.*