## FINLAYSON v. McDOWELL et al.

### No. 3381.

Court of Civil Appeals of Texas. El Paso.
May 14, 1936.

Rehearing Denied June 4, 1936.

Nat Friedman, of Dallas, for plaintiff in error.

J. D. Burns and Kerr & Gayer, all of San Angelo, for defendants in error.

HIGGINS, Justice (after stating the case as above).

The dismissal in the former suit as to Holland and the partnership did not abate the entire suit so as to prevent recovery of judgment against Finlayson. Burton v. Roff (Tex.Com.App.) 292 S.W. 159; Fowler Comm. Co. v. Charles Land & Co. (Tex.Com.App.) 248 S.W. 314.

The petition in the former suit was based upon an alleged tort for which the partnership was liable, and the authorities cited also announce the settled rule in this state that partnership obligations bind the individual members severally as well as jointly.

The amended petition in the former suit did not set up a new cause of action so as to necessitate citation and service thereof upon Finlayson. The allegations of the amended petition and relief prayed differ in no material respect whatever from the original petition.

The judgment attacked recited due service and is regular upon its face. The court had jurisdiction of the subject-matter. In order to set the judgment aside, it was incumbent upon Finlayson to plead and prove a meritorious defense to the former suit. Brown v. Clippinger, 113 Tex. 364, 256 S.W. 254. This he did not do. So, if it be conceded the amended petition set up a new cause of action, the failure to give notice thereof affords no

ground for reversal. Nor does the petition allege any fact excusing the failure to appear and defend the suit or move for new trial as is necessary in order to entitle Finlayson to the equitable relief now sought. Whittinghill v. Oliver (Tex. Civ.App.) 38 S.W.(2d) 896, and cases there cited.

The plea of privilege filed by Holland did not inure to the benefit of Finlayson. It does not purport to be in his behalf.

The assignment directed against rulings upon evidence are wholly without merit. Discussion thereof is unnecessary.

Affirmed.

WALTHALL, J., did not sit in this case.