## GRISWOLD v. CARLSON.

### No. 15266.

Court of Civil Appeals of Texas.
Fort Worth.

Sept. 28, 1951.

Rehearing Denied Nov. 2, 1951.

Mays & Mays and Clark & Craik, Fort Worth, for appellant.

Joe Spurlock, Fort Worth, for appellee.

RENFRO, Justice.

On September 2, 1950, Mahala Carlson, appellee, brought suit against Ray Griswold, appellant, in a district court of Tarrant County, Texas. For cause of action she alleged that in December, 1949, she advanced $5,000 to the appellant for the purpose of financing the purchase of used automobiles. Under the terms of her agreement with him she was to be repaid the amount advanced and an additional sum of $25 for each car so financed. Under the agreement, three separate transactions resulted.

The appellant was duly served with citation but filed no answer in the original suit.

On October 16, 1950, after appellant was served with citation, appellee's attorney verified the petition stating that he was familiar with the facts contained in the petition, that they were true and correct and that the defendant was justly indebted to the plaintiff in the sum of $4,417.64, and that all lawful and legal offsets and credits had been allowed.

■ The case is in this court on a writ of error. The burden is upon appellant to show reversible error apparent upon the face of the record. 3–A Tex.Jur., p. 15.

■ The appellant asserts that it was error for the court to render judgment upon the petition as verified without further notice or citation to the appellant. While it is necessary for new service to be obtained upon the defendant where an amended petition setting up a new cause of action is filed by the plaintiff and the defendant has not answered, such further notice is not necessary if the new pleading does not set up a new cause of action. Finlayson v. McDowell, Tex.Civ.App., 94 S.W.2d 1234, error dismissed.

■ In the case before us, the verification affidavit did not change the cause of action. The cause of action remained the same as in the original petition, the affidavit verifying the petition merely changed the mode of proof required to entitle the plaintiff to judgment. The petition and prayer were not changed in any respect. We overrule appellant's point of error.

■ By his second point, appellant undertakes to show that the verification affidavit by appellee's attorney was fatally defective. By verifying the petition appellee was obviously seeking to recover under Rule 185, Texas Rules of Civil Procedure, formerly Article 3736. She did not plead a written contract, hence she could not recover under Rule 241, T.R.C.P.

The sufficiency of the verification of an account affects merely the admissibility of the account in evidence and its sufficiency is to be questioned by an objection to its admission in evidence. Peterson v. Graham-Brown Shoe Co., Tex.Civ.App., 200 S.W. 899. The affidavit in question was subject to special exceptions but we think it was sufficient in the absence of such exceptions.

280

In the case of Maxwell v. Winner Gas Stove Co., Tex.Civ.App., 263 S.W. 944, 945, a default judgment was taken on a verified account and writ of error was taken to the court of civil appeals. The only question considered by that court was: "Was the affidavit verifying the account so defective as to render the account incompetent evidence?" The facts in that case are very similar to the facts in the case before us in respect to the verification affidavit. The court in that case held that if objections had been made at the proper time the objections must have been sustained but could not be made for the first time on appeal.

 The appellant raises the point that no evidence was introduced to sustain any finding as to damages. Rule 45, T.R.C.P., provides that the plaintiff's petition shall consist of a statement in plain and concise language of plaintiff's cause of action and that all pleadings shall be so construed as to do substantial justice. The plaintiff's petition discloses a course of dealing between appellant and appellee concerning money advanced, involving three automobiles, and sets out what she was to receive from the appellant. The allegations as to the amount of money advanced by appellee to appellant and the amount she was to receive back were clearly and concisely set out in the petition. The affidavit verifying the petition shows the amount of offsets and credits to which appellant was entitled. The verified petition was sufficient to be accepted by the trial court as prima facie evidence of the liquidated amount owing to appellee.

The appellant further contends that the petition does not allege such cause of action as could be made the subject matter of a sworn account. We overrule this point. Rule 185, T.R.C.P., provides that a claim for liquidated money demand "founded on *business dealings between the parties* * * supported by the affidavit of the party, his agent or attorney * * * shall be taken as prima facie evidence". The account was properly brought under said rule as business dealings between the parties. An account growing out of a single transaction

can be brought under said rule. Crenshaw v. Home Lumber Co., Tex.Civ.App., 296 S.W. 342, error dismissed; Peterson v. Graham-Brown Shoe Co., Tex.Civ.App., 200 S.W. 899. Certainly business dealings based on three separate transactions should be considered business dealings between the parties as contemplated by Rule 185 and can be brought properly as a verified account.

We overrule all of appellant's points of error and hereby affirm the judgment of the trial court.