## BROWN v. MORRISS.  (No. 8213.)

Court of Civil Appeals of Texas. San Antonio.
May 1, 1929.

Rehearing Denied May 29, 1929.

Beasley & Beasley, of Beeville, for appellant.

Morriss & Morriss, of San Antonio, for appellee.

COBBS, J. Appellant sued appellee to enjoin him from entering upon and taking possession of certain lands in Real county, alleged to be inclosed by a fence and in appellant's actual possession. A temporary writ of injunction was granted.

Defendant answered by general denial, plea of not guilty, and specially that the plaintiff had entered upon and taken possession of and unlawfully withheld possession from the defendant of two tracts of land claimed and owned by him in fee simple; the first containing 347 acres out of survey No. 11, and fully described by metes and bounds; and the second tract being 296 acres out of survey 6, and also described fully by metes and bounds. The defendant prayed for the recovery of the title and possession of the two tracts of land and for damages and rents.

The plaintiff answered defendant's cross-action to recover the two tracts of land, by pleading not guilty, and the three, five, and ten years' statutes of limitation, and also

tendered $352.44 to redeem from tax sale the west one-half of section 6.

The case was tried without a jury and the court rendered judgment that plaintiff take nothing and that the injunction be dissolved; that the defendant recover from plaintiff the title and possession of the two tracts of land sued for by him, and $347 for rents.

This case involves the construction of grants of land and their position in respect to each other as they lie on the ground. The court made and filed findings of fact and conclusions of law. We have compared the findings with the evidence and find them supported thereby. The findings are quite satisfactory. The land sued for appears on the ground in the following form:

"The 347 acres, first tract, lies in Survey 11, and the 296 acres, second tract, without dispute, lies in Survey 6, according to the following rough sketch":

This land lies wholly within the boundary of the "Fairview Ranch." In support of his claim appellee introduced the testimony of two old and competent surveyors, who corroborated each other, that part of the 347-acre tract lies in survey 11 and the second tract lies in survey 6, as above shown.

The evidence and findings show that C. M. Brown died in 1925, the owner of the "Fairview Ranch" comprising some six or seven thousand acres, by purchase in 1907; that he went into possession of the land and continued to hold it until his death. When Brown purchased the land, it was inclosed by a fence. The John Templeton survey No. 11, was embraced in the "Fairview Ranch," and the description did not include any part of Nos. 11 and 6. The tract No. 11, described in defendant's answer in the name of John S. Templeton, of 347 acres, is out of the west end of survey 11, owned by appellant. The 347 acres were inclosed in the same inclosure of "Fairview Ranch" at the time of purchase of the ranch by C. M. Brown, and he and plaintiff continued its use under the erroneous belief that it was a part of survey No. 13, which is one of the surveys comprising "Fairview Ranch." Neither Brown nor plaintiff ever asserted any claim or right of possession to any part of the John S. Templeton survey No. 11. Survey No. 11 is an older survey than No. 13. To determine the location of survey No. 11, which calls for No. 13, the relative position of the two surveys on the ground would be as found by the surveyors, A. L. Starkey and J. L. Watkins. Survey No. 13 lies immediately west and adjoining survey No. 11; the southwest corner of No. 11 being the southeast corner and beginning corner of No. 13. Kirby Lumber Co. v. Gibbs Bros. & Co. (Tex. Com. App.) 14 S.W.(2d) 1013.

The 296-acre tract, being the west end of survey No. 6, block D, Gulf, Colorado & Santa Fé Railway Company, described in defendant's answer, likewise lies within the inclosure that incloses "Fairview Ranch." Neither party asserted any claim to, or any sort of right or title, or right of possession to, the 296 acres, and at no time had actual possession thereof.

H. S. Osborn, on May 17, 1927, and for many years prior thereto, was the record owner of said "second tract" of 296 acres. On May 17, 1927, by the district court of Real county, a judgment was rendered against Osborn as a defendant for delinquent taxes with a foreclosure of the tax lien, and under a tax sale the lands were sold by the sheriff and purchased by O. M. Moffitt.

Afterwards O. M. Moffitt conveyed the tract of land to defendant and executed to him a deed, subject to the right of redemption by H. S. Osborn. Plaintiff was not in possession thereof at the time of the institution of the tax suit and was not at any time since.

The 347 acres and the 296 acres were both inclosed with the land comprising "Fairview Ranch," and the total acreage thereof in that inclosure is between 6,000 and 7,000 acres.

The plaintiff exhibited no deed or other evidence of title, or any written memoranda of title to the property obtained by her.

The trial court found the reasonable rental value of the land for its use for the next two years preceding the filing of this suit to be 50 cents per acre and that plaintiff has had the use and benefit of said land during said two years.

■ As plaintiff has no title to either of the two tracts described, as claimed by her, she was not entitled to recover the same under the Statute of Limitation of three (Rev. St. 1925, art. 5507), five (Rev. St. 1925, art. 5509), or ten (Rev. St. 1925, art. 5510) years.

■ We do not think that the plaintiff showed a title sufficient for her to redeem the land under the tax sale.

For the reasons stated, we do not think appellant has shown any material error that should cause a reversal of the judgment, and the assignments are accordingly overruled as without merit.

The judgment of the trial court is affirmed.