### SETTLES et ux. v. MILANO FURNITURE CO. et al.

### No. 1240.

Court of Civil Appeals of Texas. Waco.

May 26, 1932.

Rehearing Denied June 23, 1932.

Wilburn Barcus, of Big Spring, for appellants.

Spafford & Jackson, of Dallas, for appellees.

GALLAGHER, C. J.

This appeal is prosecuted from an order of the district court dissolving a temporary injunction theretofore granted in this cause. Appellee Milano Furniture Company, a corporation, on May 26, 1931, in the district court of Dallas county, Fourteenth judicial district, recovered a judgment by default against appellants, W. R. Settles and Lillie A. Settles, for the sum of $75,210.35, with interest from date thereof and costs of suit. Said judgment recited that appellants were duly served with process and failed to appear or answer but wholly made default. Jurisdiction in said cause over the persons of appellants is predicated upon a citation to them, duly issued therein, and a return thereon by the proper officer showing service thereof on the 23d day of April, 1931. Appellee Milano Furniture Company thereafter caused an alias execution to be issued on said judgment and placed in the hands of the sheriff of Howard county and by him levied on certain real estate there situate as the property of appellants. Appellants thereafter filed this suit in said district court against appellee Milano Furniture Company, the plaintiff in said judgment, and appellee H. E. Spafford, its attorney, to vacate and annul said judgment and perpetually enjoin the enforcement thereof. Appellants in their petition herein assailed the validity of said judgment by affirmative allegations that no citation on the cause of action on which said judgment was rendered was ever served upon them and that they neither appeared nor answered in said cause. Their petition contained no allegation excusing their failure to apply to the trial court to set said judgment aside within the time allowed by law for such proceeding, and no allegation showing or tending to show a meritorious defense to the cause of action upon which said judgment purported to be founded. The trial court, upon an ex parte hearing, granted a temporary injunction restraining the enforcement of said judgment during the pendency of this suit. Appellees thereafter filed an answer and motion to dissolve said temporary injunction. One of the grounds presented and urged therein was that appellants' petition was insufficient in that it failed to show that they had in fact a meritorious defense to the cause of action on which said judgment was rendered. The trial court heard the motion to dissolve and granted the same. Appellants duly prosecuted their appeal to the Court of Civil Appeals for the Fifth Judicial District. That court, upon application of appellants, granted an injunction staying further proceedings for the collection of said judgment during the pendency of this appeal. The Supreme Court thereafter ordered the cause transferred to this court for determination.

### Opinion.

Appellants contend that the trial court erred in dissolving said temporary injunction. They further contend that this suit constitutes in legal effect a direct attack upon the judgment recovered against them by appellee Milano Furniture Company as aforesaid, and that, such attack being based on an alleged lack of service of citation and on the

absence of any answer or appearance by them in the cause in which such judgment was rendered, no allegation of a meritorious defense is necessary as a condition precedent to having such judgment vacated and annulled. Our Supreme Court, in Crawford v. McDonald, 88 Tex. 626, 630, 33 S. W. 325, 327, carefully distinguished between direct and collateral attacks upon judgments. We quote therefrom as follows:

"A direct attack on a judgment is an attempt to amend, correct, reform, vacate, or enjoin the execution of same in a proceeding instituted for that purpose, such as a motion for a rehearing, an appeal, some form of writ of error, a bill of review, an injunction to restrain its execution, etc.

"A collateral attack on a judgment is an attempt to avoid its binding force in a proceeding not instituted for one of the purposes aforesaid as where, in an action of debt on a judgment, defendant attempts to deny the fact of indebtedness, or where, in a suit to try the title to property, a judgment is offered as a link in the chain of title, and the adverse party attempts to avoid its effect, etc."

The rules so announced for distinguishing such attacks were approved by the Supreme Court in Templeton v. Ferguson, 89 Tex. 47, 55, 33 S. W. 329. Tested by such rules, this action is a direct attack by appellants on the judgment which appellees are seeking to enforce.

The authorities on the question of whether a party seeking in a direct proceeding to set aside a judgment against him on the ground that there was neither service on him nor appearance by him or in his behalf by any one authorized to do so in the cause in which it was rendered, must as a condition precedent to such relief allege facts showing a meritorious defense thereto in whole or in part, are not in entire accord. Our Supreme Court, however, in Brown v. Clippinger, 113 Tex. 364, 256 S. W. 254, considered that specific question, and, after reviewing the authorities, held that such allegation was necessary. See, also, Tanton v. State Nat. Bank (Tex. Civ. App.) 277 S. W. 449; Bell v. Cobb (Tex. Civ. App.) 296 S. W. 976, par. 2; Scott v. McGlothlin (Tex. Civ. App.) 30 S.W.(2d) 511, 515, par. 2; Winn v. Houston Bldg. & Loan Ass'n (Tex. Civ. App.) 45 S.W.(2d) 631, 633, par. 7; Humphrey v. Harrell (Tex. Com. App.) 29 S.W.(2d) 963, 964, par. 2; Peters v. Hubb Diggs Co. (Tex. Civ. App.) 35 S.W.(2d) 449, 450, par. 7; Thomas v. Goldberg (Tex. Civ. App.) 283 S. W. 230, 231, par. 1; Cole v. Varner (Tex. Civ. App.) 246 S. W. 410, 411, par. 3. Appellants' petition failed to allege facts showing or tending to show that they had a meritorious defense to the cause of action in which said judgment was rendered, and was therefore insufficient. The court did not err in sustaining a demurrer thereto and dissolving the injunction theretofore granted.. The restraint imposed by the injunction granted by the Court of Civil Appeals is by its terms limited to the pendency of this appeal, and will end with the final disposition thereof. No order with reference to the same is therefore necessary.

The judgment of the trial court is affirmed..