**GOLDAPP et al. v. JONES LUMBER CO. et al.**

No. 11305.

Court of Civil Appeals of Texas. Galveston.

April 9, 1942.

Rehearing Denied June 4, 1942.

R. R. Lewis, Rex Poston, and J. Meek Hawkins, all of Houston (Rex Poston, of Houston, of counsel), for appellants.

Hunt & Lawler and James F. Lawler, all of Houston, for appellee John Repsdorph.

Butler & Binion, Jack Binion, Kayser, Liddell, Benbow & Austin, and W. O. Huggins, Jr., all of Houston (W. O. Huggins, Jr., and James F. Lawler, both of Houston, of counsel), for appellee Jones Lumber Co.

CODY, Justice.

This is a suit instituted by appellant in May of 1939, joined pro forma by her

husband, to set aside a default judgment taken against her personally by the Jones Lumber Company in the district court of Harris County in March, 1932; her husband was also a party defendant in that suit. The default judgment recites service of citation on both her and her husband, and the return made on the citations show such service. But appellant pled and offered proof to the effect that no citation was ever served upon her, but that the officer left the one which was to be served on her with her husband, who refused to permit her to be disturbed at the time because she was sick. There is no contention that the Jones Lumber Company knew that appellant had not been served. The Jones Lumber Company transferred the judgment to appellee Repsdorph who caused execution to issue and be levied on the separate estate of appellant, acquired by her long after the default judgment was taken. The suit is also brought to set aside the levy and sale thereunder to Repsdorph. At the conclusion of the evidence the court instructed a verdict for appellees.

■ It appears from appellant's brief here, and from her pleadings below, that she tried this case largely on the theory that all that was required of her was to plead and prove that there was no citation served upon her in the original suit; that had the court submitted the issue to the jury whether she had been served with citation, and "had the jury found that the appellant had not been, then it would follow as a matter of law that the default judgment which she seeks by Bill of Review to set aside would be void, because the court that rendered the default judgment against her did not have jurisdiction of her person and such default judgment would in fact be no judgment at all." However, it is now the settled law in Texas that, where a party seeks in a direct proceeding to set aside a judgment against him, which recites that he was served with citation, upon the ground that there was no service on him of citation, to entitle him to such relief he must allege and prove facts showing a meritorious defense to the action, judgment on which he seeks to set aside. Settles v. Milano Furniture Co., Tex.Civ.App., 51 S.W.2d 655, 656, writ refused. The reason for this is clearly shown in Brown v. Clippinger, 113 Tex. 364, 366, 367, 256 S.W. 254. A different rule applies where a judgment is sought to be set aside before it becomes final by resort to a legal remedy, such as motion for new trial, appeal, writ of error, or certiorari.

■ Where a party has been served with citation he is then under the legal duty to present his defense, and if he fails to present such defense and a judgment is taken against him, he must excuse such failure, if he would have a court of equity to set the judgment aside, by pleading and proving in addition to having a good defense, that he was prevented from making such defense by fraud, accident or the wrongful act of the opposing party unmixed with any fault or negligence of his own. Smith v. Ferrell, Tex.Com.App., 44 S.W.2d 962. Of course, where a party has not been served with citation he is under no duty to present any defense (Rules of Civil Procedure, rule 124), and all that he must allege and prove is that he was not served, and that he has a meritorious defense. Appellant has alleged that the Jones Lumber Company was guilty of fraud in that it knowingly alleged that the note sued on by the Jones Lumber Company was not given by appellant for building materials for the improvement of her separate property nor for the sustenance or benefit of her separate estate and family, and that the allegations in the petition of the Jones Lumber Company to that effect were made by it, and judgment thereon was taken, with the full knowledge of the facts that the lot on which the building was constructed was not the separate property of appellant. That the Jones Lumber Company made such allegations, knowing them to be false, but same were made for the sole purpose of seeking to recover a personal judgment against appellant in violation of her legal rights and without giving her an opportunity to be heard or an opportunity to plead her coverture, or the opportunity to plead the facts, and said judgment is a fraud on the court and on appellant, and a nullity and should be set aside.

If it were necessary for appellant to plead and prove that Jones Lumber Company had perpetrated a fraud upon her or upon the court, in order to set the default judgment aside, we would have to hold that appellant had failed to plead fraud in the above respects. A pleading by a plaintiff against a defendant may be ill founded, and may state a cause of action which the plaintiff can not establish; it

may even state a cause of action which a plaintiff does not believe to be well founded, but that would not make it an instrument of fraud. We fail to see how a pleading by plaintiff can in itself be a means of perpetrating a fraud upon a defendant. It is filed in court so that the truth of its allegations can be there tested, and the burden of proof rests on plaintiff. Of course if a plaintiff managed to procure a false return showing service of citation he could work a fraud on the court and on the defendant, but the means of working the fraud would be the false return. But there is no contention in this case that the Lumber Company knew there had been no service of citation. All that appellant had to plead and prove in order to set the judgment aside was that no citation had been served on her, and that she had a meritorious defense.

At the conclusion of the case appellees moved for an instructed verdict on two grounds, because, first, appellant had failed to present such conclusive and convincing proof that the citation had not been served on appellant as is required before an issue on impeaching an officer's return can be submitted to a jury, and, second, because she had failed to prove a meritorious defense. The court granted the appellees' motion, but only on the second ground; holding that appellant had presented sufficient evidence to make a jury question of whether she had been served.

Appellees contend that the court erred in his ruling on the first ground, and that the evidence of service of citation on appellant in this case was no stronger than the evidence in Wedgeworth v. Pope, Tex. Civ.App., 12 S.W.2d 1045, which was there held insufficient to impeach the officer's return. The rule which should govern in determining whether a·jury issue has been made where it is sought to impeach an officer's return is well stated in Panhandle Construction Co. v. Casey, Tex.Civ.App., 66 S.W.2d 705, 706. The application of the rule must, in the very nature of things, be left to the judicial discretion of the judge who hears the testimony and observes the witnesses. There was no abuse of discretion in his ruling.

This brings us to the point which we have found very troublesome. Appellant does not contend that she proved a good defense to the original suit, but she does contend that she pled a good defense, and offered the evidence to sustain it, but the court held such evidence was inadmissible. It appears that she sufficiently pled that she was under coverture at all material times. She pled that the lot (of land in Houston on which she gave the mechanic's and materialman's lien note sued on by the Jones Lumber Company) was not her separate property, but was community property. She pled that she and her husband had by written contract bought the lot from the Herman Hospital Estate in 1923, and were obligated to pay therefor in monthly installments. She pled that she knew nothing of any deed from the Herman Hospital Estate to herself purporting to convey the lot to her as her separate estate in 1928. And she pled in effect that she was induced to sign the mechanic's and material lien and the deeds of trust which referred to the deed from the Herman Hospital Estate, and which instruments recited the lot was her separate estate, because she was assured by a representative of the Jones Lumber Company that the transaction was a mere matter of form, and a simulated transaction, and that there was no personal liability involved so far as she was concerned. The court would not permit any evidence to be admitted which would have the effect of varying the written instruments which recited that the property was appellant's separate property, nor would he permit the contract of purchase to be admitted in evidence, which was referred to in the deed. In this connection the trial court ruled: "In the Court's opinion the evidence in this case does not raise the issue of legal fraud perpetrated upon Mrs. Goldapp in connection with this matter, and she having designated this property as her separate estate by reason of the instruments which she herself executed, and the evidence showing she was mentally competent, that she was under no duress, that she was not denied the opportunity of reading and understanding the instruments, nevertheless signed the same on request of her husband, and in the court's opinion no legal fraud exists, and she being otherwise competent to designate this property as her separate estate, evidence tending to show it was not her separate estate is not admissible so that her separate estate would be bound by the note originally sued on in this case."

232

We have concluded that the court's ruling is correct. It is quite clear that had the Jones Lumber Company attempted to recover judgment on the note sued on from the community of appellant and her husband it could not have done so. There is no showing of any reason or motive for the parties to deal with the lot in question as the separate property of appellant if it were not. She had no other separate property, and there is no evidence that her personal liability was looked on as possessing value. The written evidence shows that the parties dealt with the lot in question as being the separate estate of appellant at a time and under circumstances where there could be no possible motive to make of the transaction one dealing with the separate estate of appellant rather than one dealing with the community estate of appellant and her husband. The rule against varying written instruments by parol evidence would have prevented the Jones Lumber Company from introducing evidence to show that the transaction was with the community estate, and not, as it professed to be, with the separate estate of appellant. Since the parties entered into written contracts on the basis that the Jones Lumber Company was furnishing materials for appellant's separate estate, in the absence of actual fraud upon appellant, she must be bound by the parol evidence rule. See Pridgen v. Furnish, Tex.Com. App., 23 S.W.2d 307.

In connection with the exclusion from the evidence of the written contract of purchase of the lot, which is mentioned in the deed, we have carefully considered Smith v. Buss, 135 Tex. 566, 144 S.W.2d 529, relied on by appellant. It is no doubt true that the status of the lot was originally community, and was fixed as such by the contract of purchase. But that does not mean that after a substantial payment had been made on the purchase price, appellant and her husband could not agree that the property should be hers, and should be deeded to her by the Herman Hospital Estate. Certainly if they had requested such a deed, and they deny that they knew it existed, the deed would have fixed the status of the property as the separate estate of appellant. Of course the effect of the court's ruling is that by dealing with the property as appellant's separate estate, by creating a mechanic's and materialman's lien, and deed of trust lien, that they did accept it as such, and will not be permitted to attack the written agreement to that effect.

Finding no reversible error, we affirm the judgment of the trial court.

Affirmed.