**McMILLAN v. OWENS.**

No. 5865.

Court of Civil Appeals of Texas. Amarillo.

Feb. 23, 1948.

Rehearing Denied March 29, 1948.

Geo. S. Bond, of Lubbock, for appellant.

Robr. A. Sowder, of Lubbock, for appellee.

STOKES, Justice.

On April 14, 1927, the State of Texas recovered of C. B. Carber a judgment for delinquent taxes in the sum of $22.31, together with foreclosure of its tax lien on three town lots located in the City of Lubbock. On the same day the State recovered a judgment against Hanna P. McCord, J. E. Jones, and W. A. Burrus for delinquent taxes in the sum of $141.88, and foreclosure of its tax lien on thirteen other lots located in the City of Lubbock. On June 8, 1927, the three lots first mentioned were sold at public vendue by the sheriff of Lubbock County, and on July 5, 1927, the thirteen lots were likewise sold by him. At each sale the State of Texas was the purchaser and the sheriff's deeds were properly executed and placed of record in Lubbock County.

On March 5, 1946, under the provisions of Sec. 9, Art. 7345b, Vernon's Annotated Civil Statutes, the sheriff of Lubbock County re-sold all of the lots to the appellee, Marcus O. Owens, Jr. The consideration for the three lots first mentioned was $35 and for the thirteen lots the consideration was $197.25, all of which was paid in cash by the appellee.

On the morning of March 5, 1946, before the sheriff sold the lots to the appellee, appellant, S. E. McMillan, paid to the tax collector of Lubbock County an amount of money equal to all taxes and charges against the lots and received from the tax collector·receipts therefor which were forwarded to the Comptroller of Public Accounts at Austin, and they were approved by him on October 10, 1946. On March 18, 1946, thirteen days after the re-sale to appellee, J. E. Jones, one of the defendants in the tax judgments, conveyed his interest in the property to appellant and on July 11, 1946, C. B. Carber conveyed to appellant his interest therein and the record indicates that appellant thereafter procured other interests in the property.

This action was instituted by the appellee, Marcus O. Owens, Jr., against the appellant on July 7, 1947, in the form of trespass to try title. Appellee pleaded not guilty and alleged the judgments in the tax suits of April 14, 1927, together with the Orders of Sale and sheriff's deeds executed under them were void for numerous reasons and that the State, therefore, procured no title under them. He alleged further that the re-sale of the property by the sheriff of Lubbock County to appellee on March 5, 1946, conveyed no title because the State had no·title under the tax foreclosure sales and because he had redeemed the property under the redemption receipts before the re-sale was made to the appellee.

The case was submitted to the court without the intervention of a jury and resulted in a judgment in favor of the appellee. Appellant duly excepted, gave notice of appeal and presents the case for review upon a number of assignments of error in which he contends the court erred in rendering judgment in favor of the appellee because, first, the judgments in the original tax suits together with the Orders of Sale and sheriff's deeds executed thereunder were void and the State of Texas therefore procured no title under them and, secondly, the re-sale of the lots by the sheriff of Lubbock County to the appellee was void because appellant had redeemed them and redemption certificates had been issued by the tax

collector of Lubbock County before the sales were made.

The grounds upon which appellant contends the original tax judgments were void are that the defendants therein were not properly before the court because the petition alleged they were residents of Lubbock County where the suit was filed and they were cited by publication; that W. A. Burns was the record owner of some of the lots and he was not made a party to the suit; that Hanna P. McCord was a married woman and her husband was not a party to the suit; that, although appointed to represent the defendants, the attorney ad litem failed to appear and represent them; that, in one of the suits, the Order of Sale was issued less than twenty days after the judgment was rendered; and that no affidavit was filed to support the citations by publication as required by law.

The contentions clearly constitute a collateral attack upon the tax judgments and such an attack cannot be made in this suit because the judgments are regular and valid upon their faces. They state the defendants cited by publication were present in court by an attorney duly appointed by the court to represent them and in a collateral proceeding, it will be presumed that all preliminary requirements were observed and that citations by publication were supported by proper affidavits. We are not directed to any testimony that Hanna P. McCord was a married woman when the tax judgment was rendered against her but, even if she was, the failure to make her husband a party to the suit would not vitiate the entire judgment. The fact that the Order of Sale was issued less than twenty days after the judgment was rendered was but an irregularity and it will be respected until set aside by a direct proceeding. House v. Robertson, Tex.Civ. App., 34 S.W. 640. The record reveals a deed from W. A. Curtis to W. A. Burns and J. E. Jones dated August 24, 1907, conveying some of the lots and Burns was not made a party defendant in the tax suits. Whether or not Burns was a necessary party is immaterial so far as the validity of the judgment is concerned. His absence would not vitiate the judgment as against the other owners who were before the court. Sanchez v. Hillyer–Deutsch–Jarrett Co., Tex.Civ.App., 27 S.W.2d 634. It is the settled law in this state that judgments regular and valid upon their faces, and rendered by courts of competent jurisdiction, are entitled to all presumptions of regularity and evidence dehors the record is not admissible to impeach them. If such a judgment is regular on its face and recites valid notice or citation and service, such recitation controls the balance of the record. Martin v. Burns, 80 Tex. 676, 16 S.W. 1072. The judgment in each of the original tax suits is regular on its face and reveals none of the alleged irregularities presented by the appellant. This being an action in trespass to try title, the assaults made upon the tax judgments by appellant are collateral in their nature and, even if the facts alleged by him were established, they could not be entertained here. The purchaser of the property at the sheriff's sales, namely, the State of Texas, was not bound to examine into the regularity of the proceedings under which the Orders of Sale were issued and, however irregular they might have been, the title of the purchaser was not affected thereby. The proceedings were not void and the court rendering the judgments unquestionably had jurisdiction of the tax suits. The judgments being regular upon their faces, appellant will not be heard to attack them in this, a collateral proceeding. Snyder v. Roberts, 13 Tex. 598, 65 Am.Dec. 84; Boggess v. Howard, 40 Tex. 153; Gillon v. Wear, 9 Tex.Civ.App. 44, 28 S.W. 1014; Peterman v. Haborth, Tex.Com.App., 300 S.W. 33; State Mortgage Corporation v. Traylor, 120 Tex. 148, 36 S.W.2d 440; Mariposa Mining Co. v. Waters, Tex.Civ. App., 279 S.W. 576; Clark v. Puls, Tex. Civ.App., 192 S.W.2d 905.

The re-sale of the lots was made by the sheriff of Lubbock County under authority of Sec. 9 of Art. 7345b, Vernon's Annotated Civil Statutes before it was amended in 1947. A deed was duly executed in which the sheriff conveyed to the appellee such title as was procured by the State at the sheriff's sales under the judgments and Orders of Sale in the original

tax suits. Appellant asserts that the re-sale of the property by the sheriff to appellee was void because no return was made by the sheriff showing how he advertised the property and how, and to whom, it was sold. We find nothing in the statute which requires a return such as is required of sales under execution. The deeds recite that notice was given of the time and place of sale by publicaton for three consecutive weeks in the Slatonite, a newspaper of regular publication and general circulation in Lubbock County; that the sale was made at public outcry at the principal entrance to the court house of Lubbock County; and that the property was sold to appellee, he being the highest bidder therefor. These recitations are sufficient to record the acts of the sheriff. They establish that proper notices were published and that the sales were properly conducted.

The next contention presented by appellant is that no title passed to appellee under the re-sales and deeds of March 5, 1946, because appellant had theretofore fully paid all taxes and charges held by the State of Texas against the lots. The record shows that, on the morning of March 5, before the sales were made by the sheriff, appellant paid to the tax collector of Lubbock County an amount equal to the taxes and charges against the property and received from him a redemption receipt. On October 10, 1946, some seven months after the sale was made and deeds executed by the sheriff, the Comptroller of Public Accounts approved the redemption receipts and they thereby became redemption certificates. Appellant contends that the receipt of the money by the tax collector and the indorsement by the Comptroller of the redemption receipts constituted a redemption of the property under the provisions of Art. 7340, R.C.S., and that, therefore, no title passed by the sale. We are not in accord with appellant in this contention. The statute extends to the owner or anyone having an interest in the lots the right to redeem them at anytime within two years from the date they were sold under the tax judgments. Appellant did not own any of the lots, nor any interest in any of them, at the time he attempted to redeem them. He procured a deed from J. E. Jones purporting to convey some of them on the 18th of March, 1946, which was after they were re-sold and had been conveyed to the appellee. Not being the owner of the lots, appellant had no legal right to redeem them. Moreover, his effort to do so was many years after they had been sold to the State, and, even if he had been the owner, his right to redeem them had expired long before he attempted to do so. The State became the absolute owner two years after it purchased them under the Orders of Sale and, in our opinion, the sheriff was authorized to make the sale under the provisions of Art. 7345b, Vernon's Rev.Civ.St. Rolison v. Puckett, Tex., 198 S.W.2d 74; Brown v. Morriss, Tex.Civ.App., 18 S.W.2d 244.

According to the record, none of the rights or interests in the property asserted by appellant accrued until after appellee had purchased the property at the sheriff's re-sale on March 5, 1946. His deed from Jones was not executed until March 18, 1946, and his attempted redemption of the lots did not mature until October 10, 1946. No legal rights accrued under the redemption certificates until that date because, under the provisions of Art. 7291, R.C.S., the interest of the State could not be released until the Comptroller issued the certificates of redemption.

We have carefully examined all of the assignments of error and contentions presented by appellant and, in our opinion, none of them reveals reversible error. The judgment of the court below will therefore be affirmed.