**HUGHES v. PRICE.**
No. 6030.

Court of Civil Appeals of Texas. Amarillo.
Jan. 30, 1950.

———◆———

LaFont & Tudor, Plainview, for appellant.

W. D. Hollars, Plainview, for appellee.

PITTS, Chief Justice.

This is a suit to redeem land sold for taxes. The suit was filed on July 5, 1949, by appellant, W. C. Hughes, against appellee, T. O. Price, the purchaser of certain described real estate located in Hale County at a tax sale held on May 4, 1948, by order of a proper court. The case was tried to the court without a jury and judgment was rendered against appellant and for appellee quieting his title to the said land, from which judgment appellant perfected his appeal.

Appellant seeks to redeem the land solely upon the grounds that he had held adverse possession of the same actively, openly and notoriously, under fence together with other land owned by him, from November 7, 1942, until the date of the tax sale on May 4, 1948, and continuously thereafter, and that during such period of time he had continuously used and cultivated the land in question together with his other land all under fence together. However, he does not assert any claim under a registered deed or contend that he has paid the taxes on the land as is required by Article 5509, Vernon's Ann.Civ.St., in order to establish title under the five years statute of limitations. In fact, he does not assert any claim of legal ownership of the land in question or that he ever owned the said land or any interest therein. He predicates his claim of right to redeem the same upon his active, open and notorious possession of the land in question for approximately five and one-half years before the sale. On June 1, 1949, appellant tendered to appellee sufficient money to redeem the land in question but appellee declined to accept the tender. Thereafter appellant tendered into the trial court sufficient funds to redeem the said land and placed such in the registry of the trial court. But the tender of appellant has been consistently refused by appellee for the reason asserted by him that appellant has no legal right to redeem the land in question. After a hearing in full, the trial court found on September 21, 1949, that appellant had not shown he was entitled to redeem the land in question and entered judgment denying the relief sought.

Article 7345b, Vernon's Annotated Civil Statutes, provides for the filing of delinquent tax suits and foreclosure sales in such cases and Section 12 thereof authorizes "the owner of such property, or anyone having an interest therein, or their heirs, assigns or legal representatives" to redeem such land within two years from the date of the sale. Article 7341 provides for the offering of evidence of title to redeem the land in case the owner thereof at the time of the sale desires to redeem the land sold for taxes. It there says, in effect, that it will be sufficient to establish a prima facie case if the owner of the land at the time of the sale proves he has possession of the same or that he has paper title to such. In the case at bar the appellant established that he had possession of the land at the time of the sale but he did not establish nor claim that he was the owner of the land in question at

the time of the sale or had any lawful interest in the said land. His claim of adverse possession only for·such a period of time does not give him title or the right of ownership to the land under the provisions of any of the statutes of limitations and he does not so contend.

Inasmuch as appellant did not own the land or any interest therein at the time of the sale for taxes, or even thereafter, it is our opinion that the trial court properly held that appellant had not met the requirements of the law as provided for in such cases. McMillan v. Owens, Tex.Civ.App., 209 S.W.2d 622; Brown v. Morriss, Tex. Civ.App., 18 S.W.2d 244; Patton v. Minor, 103 Tex. 176, 125 S.W. 6; 40 Tex.Jur. 273, Section 202. The judgment of the trial court is therefore affirmed.