ALLAR CO. et al. v. SNODGRASS et al.

No. 4889.

Court of Civil Appeals of Texas. El Paso.

July 2, 1952.

Rehearing Denied July 23, 1952.

J. H. Starley, Pecos, for appellants.

George S. Bond, Lubbock, Hudson & Tomlin, Pecos, for appellees.

PRICE, Chief Justice.

This is an appeal from a judgment of the District Court of Loving County, rendered in a trial before the court without a jury.

The Allar Company, a corporation, Mrs. Faye Bennett, et vir, R. B. Bennett individually and as executor of the estate of W. E. Richards, deceased, Lucille Reeves Anderson, a widow, Vera Reeves Cullom, a widow, R. J. Reeves, and Duke Reeves, hereinafter called appellants, joined as plaintiffs in a suit against the Tax Assessor and Collector of Loving County, the County Judge and the four County Commissioners of Loving County, the County of Loving and State of Texas, hereinafter called appellees.

Appellants sought to set aside a sheriff's deed arising out of the execution of a tax judgment wherein the State of Texas and County of Loving recovered a judgment foreclosing tax liens, penalty and interest, in the total sum of $60.63, against W. E. Richards, Francis L. Reeves, and the unknown owner or owners. The property upon which the purported lien was foreclosed was 320 acres situated in Loving County, out of Survey 42, Block 54, Township 1, Abstract 1301, T. & P. R. R. Co., the same being the east one-half of said section. Alternatively plaintiffs sought a writ of mandamus compelling defendants to allow them to redeem the property. The judgment was that the plaintiffs, appellants, take nothing.

The judgment in the tax suit was assailed in the trial court and here so assailed as being void on a number of grounds; further the said sheriff's deed is assailed on the grounds that it was not supported by a valid judgment and as to the manner in which it was conducted. As before stated, in the alternative appellants

claimed the right to redeem the property.

■ The attack on the judgment is that it is void. In order to be successful it must appear from the judgment record that same is void. Goldapp v. Jones Lumber, Tex.Civ.App., 163 S.W.2d 229, writ denied. The judgment assailed contains the following recital:

"* * * It is therefore decreed that each of the said taxing units is entitled to have its claim for delinquent taxes determined in this suit, and defendants W. E. Richards, Francis L. Reeves, and the unknown owner or owners, though duly cited, failed to appear and answer in this behalf, but wholly made default."

In our opinion this answers adversely to appellants all claims that the defendants therein were not duly cited, thus rendering the judgment void for lack of service. 25 Tex.Jur. par. 220 and 221; Commercial Credit Corp. v. Smith, 143 Tex. 612, 187 S.W.2d 363. Neither by pleading nor proof do appellants assert a good defense.

■■ The cases cited by appellants as supporting their points of error assailing the citation and the service thereof are distinguishable from the instant case in that in those cases the attack was by appeal. In the instant case the attack is after the term at which it was rendered had adjourned. Under the authorities just above cited the recital of due service in the judgment controls over other parts of the judgment roll. The judgment might be voidable, but is not void.

In order to be successful the attack must establish by pleading and proof a good defense.

It is further contended that the judgment is void because the land upon which the lien was purported to be foreclosed is insufficiently described in the petition and judgment. The land is described in the petition as 420 acres out of Survey 42, Block 54, Township 1, Abstract 1301, T. & P. R. R. Co.

In the judgment assailed it is described as 320 acres out of Survey 42, Block 54, Township 1, Abstract 1301, T. & P. R. R. Co., the same being the East one-half of said section. It is thought that describing a tract of land as so many acres out of a larger tract is void and ineffective. Devine v. Keller, 73 Tex. 364, 11 S.W. 379; Smith v. Sorelle, 126 Tex. 353, 87 S.W.2d 703. It is to be noted that the attempted description of this land gives the abstract number thereof. In the case of Reserve Petroleum Company v. Harp, 148 Tex. 448, 226 S.W.2d 839, 841, the law is declared as to the part which an abstract number plays in the description of land. Judge Smedley fully explains the duties of the Commissioner of the General Land Office under Art. 5252, R.S.C., Art. 5253 prior to its repeal in 1945, and Art. 5254 before and after its amendment in 1945, Vernon's Annotated Civil Statutes, Art. 5254. Under Arts. 5252, 5253 and 5254 it is the duty of the Commissioner of the General Land Office to

"compile and constantly correct an abstract of patented, titled and surveyed lands"

and to

"cause copies of supplemental abstracts to be printed and bound for distribution among those officers of the state and counties whose duties require their use."

By Art. 7194 the Commissioner of the General Land Office is required to furnish to Assessors of Taxes a correct abstract of all surveys of lands and the numbers of acres therein in their respective counties, and to send each year an additional list of new surveys. Art. 7195 makes it the duty of the Commissioners Court of each County to

"furnish to its tax assessor abstract books, with specified printed headings and forms, containing blanks for abstract numbers, certificate numbers, names to whom certificates were issued and other descriptive data".

and Art. 7196 provides that the blanks are to be filled by the Assessors

"'with the abstract number', name of party to whom certificate was issued, number of acres, etc."

■ The above case authoritatively determines in our opinion that reference in

descriptions to the abstract number may identify a tract of land. Here the abstract number of this land and the description contained in the abstract was introduced in evidence. We think this renders the description definite and certain. See also Hicks v. Southwest Settlement & Development Corporation, Tex.Civ.App., 214 S.W. 2d 315, w. r. n. r. e. The sheriff's deed is further assailed as void because the order of sale issued on the judgment in the tax suit aforesaid was not executed in accordance with law in that because the sale was not conducted by the Sheriff or any legally qualified deputy. The Court's Findings of Fact on this point are as follows:

"That the Sheriff's sale of said property pursuant to the judgment and order of sale was held on June 3, 1947, between 2:00 o'clock and 4:00 o'clock p. m. at the courthouse door of Loving County, Texas; that the Sheriff of Loving County was not present at said sale, but Mimi J. Clayton, a Deputy Sheriff of Loving County was present at said sale acting in her official capacity as Deputy Sheriff, but did not actually cry out the property being sold at public sale; that W. D. Clayton, husband of Mimi J. Clayton, called out to bidders present at said sale the description and other pertinent matters pertaining to the land being sold at said sale and heard the offers made by the bidders, but did not read the order of sale in full, all of which occurred in the presence of Mimi J. Clayton who handed to W. D. Clayton the various documents in her possession pertaining to the land being sold; that the said W. D. Clayton was not an employee or Deputy of the Sheriff of Loving County and had no official capacity with the Sheriff's office of said County, and merely acted in the aforesaid capacities as an accommodation to his wife, the said Mimi J. Clayton."

As a conclusion of Law the Court found:

"That the sale of said property as conducted on June 3, 1947, was at most merely irregular and that the proceedings at such sale were not void."

It is elementary, we think, that if the Deputy Sheriff, Mrs. Mimi Clayton, did not make and conduct this sale it would be invalid, and the deed of the Sheriff annulled. Under the findings of fact and testimony she was present at the time of the sale, held in her possession and under her control the process issuing on the judgment authorizing the sale. All W. D. Clayton, her husband, did was to cry out the property that bids might be made therefor. Mrs. Clayton as Deputy Sheriff had the proceedings under her control, and unless she acquiesced and directed the acceptance of the bid its acceptance would be without effect.

The course pursued is not to be commended, but we do not believe that the irregularity rendered the deed void. In 33 C.J.S., Executions, § 201, p. 438, speaking of Sheriff's sales it is said:

"As a general rule, the sheriff may employ an auctioneer and make him his agent to sell the property and collect the proceeds; but it has been held that he cannot employ an auctioneer at the expense of the owner of the property seized, in the absence of authority from such owner."

By their 8th, 9th and 10th points appellants complain of the court's denying them the right to redeem the land on which tax liens were foreclosed by judgment and which pursuant to an order of sale issued in conformity with the judgment was sold by the Sheriff of Loving County to the State of Texas and Loving County in trust. The facts are uncontroverted. The judgment was rendered on April 22, 1947, the Sheriff's sale took place on June 3, 1947, and the Sheriff's deed conveying the property to "the State of Texas and Loving County in trust for the use and benefit of itself for the title to the hereinafter described property" was executed on June 4, 1947. This deed was filed for record on December 26, 1950. On March 26, 1951, appellants tendered to appellee G. I. Snodgrass, Tax Assessor-Collector of Loving County, a sum of money sufficient to entitle them to redeem the property if the redemption period had not expired. The Tax As-

sessor-Collector on April 4, 1951, acknowledged receipt of such tender but refused to issue a redemption certificate to appellants. Such tender has at all times been kept on deposit with the Tax Assessor-Collector. Appellants sought a writ of mandamus to compel the Tax Assessor-Collector to issue such redemption certificate to them.

Prior to June 23, 1947, Art. 7345b, Section 12, V.A.C.S., provided for redemption as follows:

"* * * but whenever land is sold under judgment in such suit for taxes, the owner of such property, or anyone having an interest therein, or their heirs, assigns or legal representatives, may, *within two (2) years from the date of such sale*, have the right to redeem said property on the following basis * * *." (Emphasis supplied.) See Sec. 12, Chap. 506, Acts 45th Legislature, 1937.

Effective June 23, 1947, Section 12 was amended (See Sec. 2, Chap. 454, 50th Legislature, Acts of 1947) so as to read as follows:

"Sec. 12. In all suits *heretofore or hereafter filed* to collect delinquent taxes against property, judgment in said suit shall provide for the issuance of writ of possession within twenty (20) days after the period of redemption shall have expired to the purchaser at foreclosure sale or its or his assigns; but whenever land is sold under judgment in such suit for taxes, the owner of such property, or anyone having an interest therein, or their heirs, assigns or legal representatives, may, *within two (2) years from the date of the filing for record of the purchaser's deed* and not thereafter, have the right to redeem said property from such purchaser on the following basis, to wit": (Emphasis supplied.)

In the absence of Constitutional inhibition it is within the discretion of the Legislature to change the period of redemption where the State is the purchaser of land sold for taxes and no rights of third persons have intervened. McQuillin, Municipal Corporations, 3d Ed., Vol. 16, Sec.

44.165, page 427. See also annotations 1 A.L.R. 143, 38 A.L.R. 229 and 89 A.L.R. 966.

The amendatory act specifically applies to suits *heretofore or hereafter filed.* (Emphasis ours.) We construe this to mean suits heretofore filed and not finally disposed of—in other words, pending suits. Rule 329, Texas Rules of Civil Procedure, provides:

"In cases in which judgment has been rendered on service of process by publication, where the defendant has not appeared in person or by attorney of his own selection: (a) The court may grant a new trial upon petition of the defendant showing good cause, supported by affidavit, filed within two years after such judgment was rendered. The parties adversely interested in such judgment shall be cited as in other cases."

Since under this rule the court had power to grant a new trial when the amendatory act became effective, the suit was not finally disposed of at that time and we think was a suit "heretofore filed" within the purview of the Statute, and hence the redemption period specified in the amendatory act controls. Therefore, appellants were entitled to redeem the property when they attempted to do so by making their tender to the Tax Assessor-Collector. Accordingly, the judgment is reversed and the case remanded for disposition in accordance with this opinion.