THE ATTORNEY GENERAL
OF TEXAS
AUSTIN, TEXAS 78711



CRAWFORD C. MARTIN
ATTORNEY GENERAL

August 14, 1967

Honorable Charles H. Bolton        Opinion No. M-119
County Attorney
Meridian, Texas                    Re:  Must a writ of possession
                                        be issued within a period
                                        of 20 days after the period
                                        of redemption on property
                                        sold at tax sale has expired
                                        and not thereafter under
                                        the authority of Art. 7345b,
                                        Sec. 12, V.C.S., and related
Dear Mr. Bolton:                        statutes.

        You have requested the opinion of this Office in regard
to the following question:

        Must a writ of possession be issued within
        a period of 20 days after the period of
        redemption on property sold at a tax sale
        has expired, and not thereafter, under
        the provisions of Article 7345b, Section
        12, Vernon's Civil Statutes, and the
        related statutes?

Section 12 of Article 7345b, provides as follows:

        "In all suits heretofore or hereafter
        filed to collect delinquent taxes against
        property, judgment in said suit shall pro-
        vide for the issuance of writ of possession
        within twenty (20) days after the period of
        redemption shall have expired to the pur-
        chaser at foreclosure sale or its or his
        assigns; but whenever land is sold under
        judgment in such suit for taxes, the owner
        of such property, or anyone having an inter-
        est therein, or their heirs, assigns or
        legal representatives, may, within two (2)
        years from the date of the filing for record
        of the purchaser's deed and not thereafter,
        have the right to redeem said property from
        such purchase on the following basis, . . ."

- 544 -

The statute under consideration is a part of Chapter 10, Title 122, Vernon's Civil Statutes, dealing with the collection of delinquent ad valorem taxes. In order to arrive at a proper meaning of Section 12, it should be considered in connection with the purposes of Chapter 10, and, in particular, with all of Article 7345b. In brief, this Article deals with suits for delinquent taxes by taxing units, the judgments, rights of redemption, and other related matters.

The literal meaning of the phrase of Section 12, which provides ". . . judgment in said suit shall provide for the issuance of a writ of possession within twenty (20) days after the period of redemption shall have expired to the purchaser at foreclosure sale or its or his assigns; . . ." would be that the "writ of possession" must issue within 20 days after the period of redemption has expired.

If the legislature had intended this as a limitation to be strictly limited to the period stated, it would have added after the words "shall have expired," the words "and not thereafter" or other language of similar meaning.

We find the following language in 53 Tex.Jur.2d 195, 196, Statutes, Sec. 134:

> "Statutes are frequently given an interpretation at variance with their literal terms. The court will depart from the exact and literal import of a statute, or a particular part, provision, or word thereof, if this is necessary to effectuate or preserve the legislative intent. Thus, words or clauses will not be given their literal meaning if such an interpretation would thwart the plain purpose of the legislature, or would lead to palpable absurdity, contradiction, injustice, or uncertainty, and if such a construction can reasonably be avoided.

> "In departing from the literal meaning of a statute, its letter is sometimes enlarged, sometimes restrained, and sometimes the construction given is contrary to the letter of the law."

Clearly, it was the intent of the legislature in making the detailed provisions of Article 7345b, dealing with suits for delinquent ad valorem taxes, sales of the property by the purchaser at the sales, and the redemption thereof by the owners, to place the purchaser at such sales in possession of the property so purchased after the period of redemption has expired. To place the literal construction limiting the issuance of the writ of possession to the period of "within 20 days after the period of redemption shall have expired," would do violence to the purpose and intent of all of Article 7345b, when considered as a whole.

In the case of Dolan v. Walker, Land Commissioner, 121 Tex. 361, 49 S.W.2d 695 (1932), the Court used the following language relating to the construction of statutes:

> "In the construction of statutes certain fundamental rules control. The paramount rule in construing statutes is to ascertain and give effect to the intention of the Legislature. If the language or terms used in the statute are uncertain or confusing in arriving at the intention, it is proper to consider the general policy towards the matter legislated upon, the purpose of the legislation, the evils to be remedied, and the object to be accomplished. Cannon's Adm'r v. Vaughan, 12 Tex. 399; Higgins v. Rinker, 47 Tex. 393; City of Austin v. Cahill, 99 Tex. 172, 88 S.W. 542, 89 S.W. 552; Clary v. Hurst, 104 Tex. 423, 138 S.W. 566; article 10, subd. 6, R. S. 1925."

It is stated in 37 Tex.Jur.2d 83, Limitations, Sec. 3:

> ". . . statutes of limitation should be construed in like manner as other statutes, and should receive such interpretation, consistent with their terms, as will defeat the mischief intended to be suppressed, and advance the policy and remedy they were designed to promote."

We have been unable to find a case directly in point on the question involved. However, the case of McMillan v. Owens, 209 S.W.2d 622 (Tex.Civ.App., 1948, no writ hist.) deals with the subject generally. One of the points of error relied on by Appellant was to the effect that in one of the suits (for delinquent ad valorem taxes) the Order of Sale was issued less than twenty days after the judgment was rendered.

The Court, in disposing of this point, stated:

> ". . . The fact that the Order of Sale was issued less than twenty days after judgment was rendered was but an irregularity and it will be respected until set aside by a direct proceeding. . . ."

Further, it was stated:

> ". . . The purchase of the property at the sheriff's sales, namely, the State of Texas, was not bound to examine into the regularity of the proceedings under which the Orders of Sale were issued and, however irregular they might have been, the title of the purchaser was not affected thereby. . . ."

Applying the proper rules of construction, as announced by many decisions of the Supreme Court of Texas, it is the opinion of this Office that the literal wording of Section 12, Article 7345b, provides that the writ of possession is available to the purchaser within 20 days after the date of redemption, but that this is not a limitation statute, and such writ may issue after the expiration of 20 days after the period of redemption has expired.

## S U M M A R Y

Section 12 of Article 7345b, Vernon's Civil Statutes, is not a statute of limitation, and the writ of possession provided for therein may issue to the purchaser

after the expiration of 20 days
after the period of redemption
shall have expired.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John R. Grace
Assistant Attorney General
JRG/dls

APPROVED:
OPINION COMMITTED

A.J. Carubbi, Jr., Chairman
Staff Legal Assistant
W.O. Shultz, Co-Chairman
John Reeves
Tom Mack
Tom Thurmond
Bob Flowers