Andy MACHA, Appellant,

v.

Alex E. CARAMEROS, Hailco, Inc. and Personality Homes, Inc., Appellees.

No. 08–83–00286–CV.

Court of Appeals of Texas, El Paso.

Aug. 1, 1984.

---

Robert L. Evans, Jr., Evans & Lockwood, Midland, for appellant.

John G. Hyde, Freeman & Hyde, Midland, for appellees Hailco and Personality Homes.

Before STEPHEN F. PRESLAR, C.J., and WARD and OSBORN, JJ.

## OPINION

OSBORN, Justice.

This appeal involves the rights of a purchaser of city lots at a tax sale and rights of redemption by an assignee of the owner. The court after a bench trial entered judgment denying relief to the purchaser at the tax sale. We affirm.

Andy Macha purchased ten vacant lots at a tax sale conducted by the sheriff of Midland County on April 4, 1978. The deed to him, dated April 14, 1978, was filed for record three days later. The lots, which belonged to Scott Armstrong and Elmer Bechtel, were foreclosed for nonpayment of taxes. Macha paid $5,600.00 for the ten lots. In November, 1979, Armstrong and Bechtel conveyed these lots by Special Warranty Deed to Alex E. Carameros and also executed a Special Power of Attorney to Carameros for the purpose of redeeming the property described in the Sheriff's Deed.

On April 16, 1980, Carameros filed with Rosenelle Cherry, the County Clerk of Midland County, an affidavit stating he had been unable to obtain a quitclaim deed from Andy Macha to redeem the property sold at the sheriff's sale and that pursuant to Article 7284, Tex.Rev.Civ.Stat., he had tendered $8,700.00 to the County Tax Assessor-Collector to redeem the ten lots. On the same date, the tax collector filed a Certificate of Redemption of record in the office of the County Clerk reciting receipt of $8,700.00 to redeem the ten described city lots. Subsequently, Carameros sold five lots to Hailco, Inc. and Personality Homes, Inc. and they constructed homes on those lots.

The Appellant contends by two points of error that the trial court erred in denying all relief because the Appellee, Carameros, failed to comply with Section 12 of Article 7345b, Tex.Rev.Civ.Stat.Ann., and Articles 7284 and 7285, Tex.Rev.Civ.Stat.Ann. Mr. Carameros testified that on March 3, 1980, he saw Mr. Macha at a sheriff's sale and he told Mr. Macha that he was interested in redeeming some property that Mr. Macha had previously purchased at a sheriff's sale. He did not tell Mr. Macha he had the deed or the power of attorney from Armstrong and Bechtel. At that time he did not offer Mr. Macha any money to redeem the property. He said Mr. Macha ignored his request. He also testified that on other occasions he tried to telephone Mr. Macha concerning these lots but never did get him. On the last day of the two-year redemption period, he filed his affidavit and paid $8,700.00 to the tax collector.

Section 12 of Article 7345b, Tex.Rev.Civ. Stat.Ann., provides for redemption of property sold for delinquent taxes within two years from the date of the filing for record of the purchaser's deed. This article only states the time for purchase and the amount to be paid. It places no other conditions upon the exercise of the right of redemption. Article 7284, Tex.Rev.Civ. Stat.Ann., permits a person having a right of redemption to do so by making payment to the county tax collector. This right is

conditioned upon the owner making an affidavit that he has been unable to find the tax sale purchaser, or that the purchaser is not a resident of the county, or that he and the purchaser cannot agree on the amount of redemption money.[1]

The affidavit of Mr. Carameros if strictly construed does not comply with Article 7284. But, if Mr. Carameros could not obtain a quitclaim deed from Macha to redeem the property, it must be implied that they could not agree on the amount of redemption money. Certainly public policy, as shown by the legislative enactment of a right of redemption, favors an owner who desires to reacquire his property within a specified time. In *Reynolds v. Batchelor*, 216 S.W.2d 663 (Tex.Civ.App.—Fort Worth 1948, writ ref'd n.r.e.), Chief Justice McDonald wrote:

> A tender by appellants to the City, * * if within the redemption period, of the amount required to redeem under Article 7345b, even though not accepted, would ipso facto have worked an immediate redemption of the property and would have left the City, or Batchelor, with no title vested by the tax sale.

Although Carameros's efforts to contact and pay Macha were meager and the affidavit was not in strict compliance with the statute, nevertheless we believe the trial court was correct in concluding that there was a substantial compliance by an owner seeking to redeem property sold at a tax sale. This result is consistent with those decisions which have liberally construed the statutes which provide for a right of redemption. *Buckholts v. Alsup*, 56 S.W.2d 301 (Tex.Civ.App.—Texarkana 1932, writ ref'd); *Jackson v. Maddox*, 53 Tex.Civ.App. 478, 117 S.W. 185 (1909, no writ).

The Appellant's two points of error are overruled. The judgment of the trial court is affirmed.

1. All of these articles were repealed and replaced by the new tax code which became effective January 1, 1982. Section 34.21 of the Tax Code now includes a provision that the owner

may include in his affidavit a clause "that the purchaser refuses to give him a quitclaim deed to the property."