Dudley v. FDIC 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-649-CV





WILLIAM S. DUDLEY AND GEORGE ROBERT DUDLEY,



 APPELLANTS


vs.





FEDERAL DEPOSIT INSURANCE CORPORATION,



 APPELLEE


 




FROM THE DISTRICT COURT OF MILLS COUNTY, 35TH JUDICIAL DISTRICT



NO. 92-04-4738, HONORABLE ERNEST CADENHEAD, JUDGE PRESIDING



 





PER CURIAM



 Appellee, the Federal Deposit Insurance Corporation (FDIC), sued appellants,
William S. Dudley and George Robert Dudley, to reform a deed. The trial court rendered
summary judgment for the FDIC, striking certain language from the deed as illegal and against
public policy. In their sole point of error, the Dudleys assert that the trial court erred in striking
the language from the deed. We will affirm the trial court's judgment.

 The deed containing the disputed language lay in the chain of title to land in Mills
County owned by the FDIC. Charles Ruben Dudley executed the deed in 1947, conveying a life
estate in the land to one of his children, Ella J. Dudley Purvis, with the remainder to her sons,
Howard Dudley Purvis and James Henry Purvis. In addition to granting the land, Charles Ruben
Dudley included a redemption clause in the deed in the event the land should be sold for taxes. 
The redemption clause empowered his two other children, Charles Sutton Dudley and Ruby
Willyene Dudley, or their heirs, to obtain title to the land by paying the assessed taxes, costs, and
penalties. In 1989 and 1990, Howard D. Purvis and J. H. Purvis executed deeds conveying the
land to the FDIC. Ruby Willyene Dudley died without heirs. Charles Sutton Dudley died leaving
three heirs; all three were served in this suit, though only the two appellants answered.

 The party moving for summary judgment must prove that it is entitled to judgment
as a matter of law. Tex. R. Civ. P. 166a(c); City of Houston v. Clear Creek Basin Auth., 589
S.W.2d 671, 678 (Tex. 1979); see R & P Enters. v. LaGuarta, Gavrel & Kirk, Inc., 596 S.W.2d
517, 519 (Tex. 1980) (unambiguous contract was proper basis of summary judgment). We,
therefore, review the summary-judgment record to determine whether it establishes the FDIC's
right to recover as a matter of law. Gibbs v. General Motors Corp., 450 S.W.2d 827, 828 (Tex.
1970). 

 The public policy of this State on the right of redemption is set forth in the
redemption statutes, which are assembled in the Property Tax Code. Macha v. Carameros, 674
S.W.2d 491, 493 (Tex. App.--El Paso 1984, no writ); see Tex. Tax Code Ann. §§ 34.21--.23
(West 1992) (Code); see also Tex. Const. art. 8, § 13; Code §§ 34.01--.07 (West 1992). The
policy of redemption exists in favor of the property owner: the owner of property sold at a tax
sale has the right to redeem the property within two years after the purchaser's deed is filed for
record. Code § 34.21; Macha, 674 S.W.2d at 491. The right to redeem property sold for taxes,
rather than being a right personal to the property owner, is granted as a statutory privilege. 
McGuire v. Bond, 271 S.W.2d 508, 511 (Tex. Civ. App.--El Paso 1954, writ ref'd n.r.e.). 

 Reflecting statutory control of the right to redeem, Texas courts have consistently
relied on the redemption statutes to adjudicate redemption disputes. Based on the governing
statutes, for example, courts have refused to recognize a right to redeem in either a person lacking
any title to land or one claiming land by adverse possession. E.g., Hughes v. Price, 229 S.W.2d
79, 79-80 (Tex. Civ. App.--Amarillo 1950, no writ); McMillan v. Owens, 209 S.W.2d 622, 625
(Tex. Civ. App.--Amarillo 1948, no writ). Courts likewise recognize that the redemption statutes
govern the propriety of redemption procedures. E.g., City of El Paso v. Forti, 181 S.W.2d 579,
581 (Tex. 1944); Allar Co. v. Snodgrass, 252 S.W.2d 730, 734 (Tex. Civ. App.--El Paso 1952,
writ ref'd n.r.e.); Graham v. Caballero, 243 S.W.2d 286, 288 (Tex. Civ. App.--El Paso 1951,
writ ref'd n.r.e.).

 When Charles Ruben Dudley conveyed the land in 1947, he tried to confer a right
to redeem on two of his children, and their heirs, to whom he conveyed no ownership rights. Had
William S. Dudley and George Robert Dudley, heirs of these two children, tried to redeem the
land apart from the deed's provisions, the statute would have barred their claim. Code, § 34.21. 
We see no basis on which Charles Ruben Dudley could unilaterally expand the right of redemption
to include claimants not designated by statute. See generally Bouldin v. Miller, 28 S.W. 940, 941
(Tex. 1894) (rights in land are fixed by law; private persons cannot dispense with legal
requirements by contract).

 When a clause in a deed is illegal or against public policy, the court will hold it to
be void. Frame v. Whitaker, 36 S.W.2d 149, 151-52 (Tex. 1931); Gray v. Vandver, 623 S.W.2d
172, 174 (Tex. App.--Beaumont 1981, no writ); Dodson v. Dodson, 299 S.W.2d 775, 776 (Tex.
Civ. App.--Austin 1957, no writ). Because the trial court correctly struck the redemption language
from the deed as illegal, we overrule point one.

 We affirm the trial court's summary judgment.


Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed

Filed: October 20, 1993

Do Not Publish